Andrews v. Lindley.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

E. JONES ANDREWS, REVIVED IN THE NAME OF CAROLINE F. SANBORNE ET AL., APPELLEES, V. JAMES E. LINDLEY ET AL., APPELLANTS.*

FILED JANUARY 22, 1902.   No. 11,050.

Commissioner's opinion, Department No. 2.

1. **Judicial Sale:** APPRAISAL. A finding of the court, on the objection that the appraisment of property sold at judicial sale is too low, based on a conflict of evidence, will not be disturbed or reviewed, unless the evidence clearly shows that there was fraud in the appraisement. *Nebraska Loan & Building Ass'n v. Marshall*, 51 Nebr., 534, approved and followed.

2. **Decree of Confirmation.** Decree examined, and *held* to be in the usual form, and in substantial compliance with the statutes.

3. **Revenue Stamp.** *Held*, That, under the rulings of the internal revenue department, it was not necessary to attach an internal revenue stamp to the copy of the sheriff's certificate showing that the appraisers were resident freeholders, that such certificate was admissible in evidence, and was sufficient to sustain the decree confirming the sale.

APPEAL from the district court for Douglas county. Heard below before DICKINSON, J. *Affirmed.*

*Crane & Crane* and *J. J. Boucher,* for appellants.

*B. F. Thomas, contra.*

BARNES, C.

This appeal was taken from an order confirming the sale of real estate sold by the sheriff of Douglas county under a decree of foreclosure.

1. The appellants objected to the appraisal and sale of

---

*This case appears in 88 N. W. Rep., 869, as *Sanborne v. Lindley.*—REPORTER.

the real estate, before the sale was made, because the appraisement was too low. The objection was kept good, and was urged as a reason why the sale should not be confirmed. The objection was overruled, and a decree of confirmation entered. The premises were appraised at the sum of $1,800. On the hearing the appellants introduced in evidence five affidavits made by persons residing near the premises. These affidavits fixed the value of the land at different sums, ranging from $2,000 to $2,600. The appellee introduced in evidence the order of sale, appraisal, certificates of liens, proof of the publication of the notice of sale and the return to the order of sale, in due form. Therefore there was a conflict of evidence on the question as to whether or not the appraisement was too low. The court sustained the appraisement and overruled the objection. A question similar to this one was before this court in the case of the *Nebraska Loan & Building Ass'n v. Marshall,* 51 Nebr., 534. In that case Commissioner IRVINE, speaking for the court, said: "In support of the second contention of appellant, there were introduced in evidence in the district court some sixteen affidavits as to the value of the property, placing it considerably higher than the appraisement. There were no counter-affidavits, but it must be remembered that the burden was upon the appellants to set aside the appraisement; that the appraisers themselves acted upon oath, and that the appraisement was itself equivalent to the oaths of three witnesses as to value. While the preponderance of the evidence ascertained merely by count of witnesses was in favor of the appellants, we think there was such a conflict of the evidence that we should not disturb the finding of the district court. The whole matter was one of opinion, and every case of this character brought to this court serves to show how little dependence can be placed upon the opinions of witnesses as to the value of land, especially when expressed in the form of voluntary affidavits without opportunity for cross-examination." The rule thus stated applies with full force in this case, and the court properly overruled this objection.

2. The objection to the decree of confirmation is not good. We have examined the decree contained in the record, and find that it is in proper form and recites the necessary findings. The form of such decree found in our best works on pleading and practice is substantially followed, and the court was right in overruling this objection.

3. It is contended that there was no evidence before the court that the appraisers were disinterested freeholders, because the certificate of the sheriff to the original appraisal and to the copy thereof filed in the office of the clerk of the district court had no revenue stamp or stamps attached; that, having no such stamps attached, they could not be received in evidence by the court. The ruling of the commissioner of internal revenue that "certificates required by law, which are made by court officers under the direction and authority of the court, and which are necessary to give proper effect to the court proceedings, are exempt," found in 2 Decisions Internal Revenue, 289 (January 9, 1900), we hold applies to this case. No stamps being necessary, the court was right in overruling the objection to the confirmation of the sale on that ground.

We find that there has been a substantial compliance with the law, and that the decree of confirmation should be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons above stated in the foregoing opinion, the order appealed from is

AFFIRMED.