CHARLES F. SALISBURY, APPELLEE, V. EMORY W. MURPHY ET AL., APPELLANTS.

FILED JANUARY 8, 1902.   No. 10,789.

1. **Freeholder: HUSBAND ON WIFE'S LAND.** A husband is a freeholder, who lives with his wife on land of which she has the title, when occupied by them jointly as a homestead.

2. **Decree of Foreclosure: AUTHORITY TO SELL.** A decree of foreclosure is sufficient authority to make the sale thereunder, without a formal order of sale.

3. **Foreclosure Sale: DESCRIPTION OF LAND.** A sale of lands under a decree of foreclosure, will not be invalidated by reason of a manifest error in giving the meridian number, when the remainder of the description as to the location of the property, after rejecting that which is erroneous, is sufficiently definite and certain to enable the land to be located.

APPEAL from the district court for Lincoln county. Heard below before SULLIVAN, J. *Affirmed.*

*Thomas C. Patterson,* for appellants:

Under the common law, a freehold estate must be either an estate for life or an estate of inheritance. 4 Kent [12th ed.], pp. 23, 24. A mere contingent interest, like the one in this case, has no attribute of a freehold.

*Wilcox & Halligan, contra.*

NORVAL, C. J.

A decree was rendered in the court below foreclosing a real estate mortgage, and the premises were sold thereunder. The defendants have appealed from the order confirming the sale.

The first point urged is that the sale should be set aside because one of the appraisers, W. S. Peniston, was not a freeholder, which the statute requires as a qualification to act as an appraiser of property about to be sold under judicial proceedings. Code of Civil Procedure, sec. 491a. Upon the hearing below it was stipulated by the parties that Peniston owned no real estate in his own name, but that he was a married man, living with his wife and family upon a homestead in the county, the title and fee to which tract of land was in his wife. The homestead of a married person can not be conveyed or incumbered, unless both husband and wife join in the conveyance. So this homestead was not subject to alienation by Mrs. Peniston alone. Compiled Statutes, ch. 36, sec. 4. By virtue of section 17 of the same chapter, should Mr. Peniston survive his wife, the homestead would vest in him for life. Therefore Peniston had a freehold estate in the property occupied as a homestead, and was a qualified appraiser. A similar question was before this court in *Cummings v. Hyatt*, 54 Nebr., 35, 38, when it was held that a husband was a freeholder and qualified petitioner for the calling of an election to vote bonds when he resided with his wife on a homestead in her name. See *Hughes v. Milligan*, 22 Pac. Rep. [Kan.], 313, 314.

It is next urged that the sale is invalid for the reason that the clerk of the district court omitted to attach the seal of his office to the order of sale. The decree was sufficient authority for the sheriff to sell the property. The issuance of the order of sale was unnecessary; hence the omission of the seal was not a fatal defect in the proceedings.

Lastly, it is insisted that the notice of sale was defective

Salisbury v. Murphy.

in describing the premises to be sold. The property is described in the decree as being situate in township 14 north, rang 31 west of the 6th principal meridian. In the notice of sale the meridian is given as "9" instead of "6," but in the notice it was also stated that the lands were in Lincoln county, Nebraska. The error in giving the meridian number in the notice of sale was not a fatal defect. We know judicially that there is no real estate in Lincoln county west of the ninth meridian, and that there are lands lying in said county in township 14 north, of range 31 west of the sixth meridian. The notice of sale gave the section and part thereof, town, range and county, so that it was unnecessary that the meridian should be given; and, as it was erroneously stated, it may be rejected, and the description was yet sufficient and definite. *Hubermann v. Evans,* 46 Nebr., 784. The error in the description is not fatal. *Nebraska Loan & Trust Co. v. Hamer,* 40 Nebr., 281; *Amoskeag Savings Bank v. Robbins,* 53 Nebr., 776; *Hamer v. McKinley-Lanning Loan & Trust Co.,* 52 Nebr., 705; *Nebraska Land, Stock-Growing & Investment Co. v. Cutting,* 51 Nebr., 648; *Kansas City & S. W. R. Co. v. Hurst,* 22 Pac. Rep. [Kan.], 618. The order appealed from is

AFFIRMED.

NOTE.—A *freeholder* is the owner of a freehold estate. Such a man must have been anciently a freeman; and the gift to any man by his lord of an estate to him and his heirs made the tenant a freeman, if he had not been so before. Rawle's Bouvier, Law Dictionary, p. 850. A freeholder is one who owns land in fee or for life or for some indeterminate period. As there are legal and equitable estates, so there are legal and equitable freeholds. *State v. Ragland,* 75 N. Car., 12, 13. —REPORTER.