GEORGE T. STEPHENSON, TRUSTEE, APPELLEE, V. CHARLES M. MURDOCK ET AL., APPELLANTS.

FILED SEPTEMBER 25, 1911. No. 16,742.

1. **Appeal: CONFLICTING EVIDENCE: JUDICIAL SALE: APPRAISEMENT.** A finding of the district court based on conflicting evidence that real estate sold at judicial sale was not appraised too low will not ordinarily be disturbed on review.

2. ———: ———: ———: ———: PREPONDERANCE OF EVIDENCE. A finding of the district court based on conflicting evidence, overruling a contention that the appraisers did not in fact view and appraise the property described in the decree, will be sustained in this court if the evidence preponderates in favor of that finding.

3. **Judicial Sales: OBJECTIONS TO CONFIRMATION.** The fact that the sheriff did not sell one lot described in the decree is not ordinarily a good objection to the confirmation of the sale of other lots therein described.

4. ———: ORDER OF SALE. In a sale made by authority of a decree in equity, the court is the vendor and the sheriff its agent. An order of sale is not necessary to clothe the sheriff with authority to make the sale, and, if issued, will not control the decree.

5. ———: CONFIRMATION: REVIEW. The clerk has no authority to withdraw from the operation of a decree part of a parcel of land therein ordered to be sold; but, if he does so, an order of confirmation will not be reversed if it appears that the defendants were not prejudiced thereby.

APPEAL from the district court for Gage county: LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*E. O. Kretsinger,* for appellants.

*A. D. McCandless* and *E. N. Kauffman, contra.*

ROOT, J.

This is an appeal from orders overruling objections filed by the defendants to a judicial sale and to the confirmation thereof. The plaintiff prevailed, and the defendants appeal.

The action is in equity, and the decree directs the sale of definitely described tracts of real estate to satisfy the plaintiff's demand.

The objection that the property was appraised too low was overruled by the district court upon a consideration of conflicting affidavits, and the preponderance of the evidence upon this issue seems to be with the plaintiff. *Andrews v. Lindley,* 63 Neb. 692.

Likewise the defendants failed to sustain their contention that several tracts were viewed and appraised by the appraisers under an erroneous impression that they were described in the decree, whereas those thus described were not viewed or appraised. An objection that one tract of land described in the decree was not appraised or sold should not, under the circumstances of this case, prevent a confirmation of the tracts fairly appraised and sold.

The important contention is that the decree directs the

sale of a tract containing 21 acres and described as lot 16. After the decree was entered, but before the property was advertised for sale, the plaintiff moved the court to modify the decree by excluding from its operation so much of lot 16 as had theretofore been sold by the plaintiff to a Mr. Rawlins, amounting to three acres, and that without a ruling on the motion the plaintiff procured the clerk of the court to issue an order of sale wherein this part of lot 16 was excluded from the decree. The defendants objected to the sale, objected to the appraisement and to the confirmation, and now insist that their objections are good. The clerk had no authority to direct the sheriff not to sell a part of lot 16. The decree, and not the order of sale, was the sheriff's authority to sell. *Parrat v. Neligh,* 7 Neb. 456; *Jarrett v. Hoover,* 54 Neb. 65; *Passumpsic Savings Bank v. Maulick,* 60 Neb. 469. An order of sale cannot lawfully limit the power conferred by the decree. *Jarrett v. Hoover, supra.* Should the court have refused to confirm the sale? The court was the vendor and the sheriff its agent to carry its decree into execution. By confirming the sale, the court ratified its agent's actions. This it should not have done to the defendants' prejudice.

The proof is convincing that the 18 acres of lot 16 sold by the sheriff brought its fair and reasonable value. If the three acres excluded should have been sold, the sale may yet take place. It may be, as the plaintiff contends, that the three-acre tract had been theretofore sold and by an error of the draughtsman of the decree was not excluded therefrom. In that event the motion to correct the decree may yet be sustained.

We cannot understand why counsel did not procure a ruling on this motion before causing an order of sale to be issued. It appearing that the defendants were not prejudiced by the orders they complain of, the appeal is controlled by section 145 of the code, which commands us to disregard any error or defect in pleadings or proceedings which do not affect the substantial rights of the litigants,

The judgment of the district court is therefore in all things

AFFIRMED.

SEDGWICK, J., took no part in this decision.