LOOMIS, Respondent, v. STODDARD, Appellant.

(173 N. W. 859.)

(File No. 4485.    Opinion filed August 15, 1919.    Rehearing denied November 8, 1919.)

1.  Mortgages—Foreclosure—Advertisement Foreclosure, Description "Township One Hundred Nine (119)," Whether Defective— Effect of Notice and Mortgage Record

    On foreclosure by advertisement, the notice described the township as "one hundred nine (119)" etc.   Held, under Code Civ. Proc. 1903, Sec. 640 (Sec. 2880 Rev. Code 1919), requiring that notice of foreclosure sale shall cointain a description of the mortgaged premises "conforming substantially with that contained in the mortgage," that such substantial conformity is sufficient; that, while standing alone the description in said notice might possibly be so indefinite as not to so conform, yet as the notice further described the land as "in Faulk County," the apparent ambiguity in description was patently a clerical error which, taken in connection with other facts therein recited, could not mislead mortgagor or an intending purchaser; the figures "119" being correct; that the statute was substantially complied with when the notice itself stated facts correctly pertaining to the record, which record, if examined would conclusively show the error in the notice.

2.  Evidence—Judicial Notice of County in Which "Township 109" is Situated—"Township 119" Where Situated.

    Courts will take judicial notice that township 109 is not in Faulk County but that township 119 is in that county.

3.  Foreclosure—Misleading Error in Description, Rule Re Error.

    It is the general rule that any error in notice of a foreclosure sale that will naturally mislead the public, or deter persons from bidding will render a sale irregular.

4.  Same—Sale, Excessive Inadequacy of Price—Second Mortgage Sale Bid for Full Debt, Whether Higher Bid Necessary to Validity.

    Where, on advertisement foreclosure sale of a second mortgage, mortgagee bid full amount of the mortgage with accrued costs, the sale was not invalid simply because the value of the realty sold was greatly in excess of the amount of the bid; mortgagee not being required to bid in excess of the amount

of his mortgage, since to require him to bid at its approximate value would cause mortgagee to become a purchaser thereof rather than holder of security for the debt.

5. **Same—Second Mortgage Sale Inadequacy of Mortgagee's Bid, Acquiring Property Under Its Value—Bidder's Relation to Second Mortgage Debt—Equities of Mortgagor, Mortgagee, Whether Unequal.**

The contention of a mortgagor that, under foreclosure of a second mortgage, mortgagee, having bid only the amount of his second mortgage debt, could, in default of redemption, acquire title to the property for much less than its value, is untenable; since such mortgagee's equitable position is as though first and second mortgages had both been foreclosed for the entire amount, and that in the purchase by second mortgagee from first mortgagee he paid substantially full value of land; whereas, had the bid on foreclosure of second mortgage been in excess of that mortgage debt, such mortgagee would lose such excess under redemption made. **Held**, further, that, the mortgagor having received actual notice of the second mortgage foreclosure within 60 days thereafter, and was advised to make redemption to save his title, the equities between him and second mortgagee, who afterwards received sheriff's deed under his foreclosure, are not unequal.

Whiting, J., dissenting.

Appeal from Circuit Court, Faulk County. Hon. JOSEPH H. BOTTUM, Judge.

Action by P. W. Loomis, against Julius C. Stoddard and another, to quiet title to realty. From a judgment for plaintiff, defendant Julius C. Stoddard appeals. Affirmed.

*W. J. Jacobs,* for Appellant.

*F. E. Snider,* for Respondent.

(1) To point one of the opinion, Appellant cited: Helmer v. Rehm (Neb.) 15 N. W. 344; Burrows v. Gibson (Mich.) 3 N. W. 293; 27 Cyc. 1492.

Respondent cited: Loomis v. Chicago & Northwestern Railway Company (S. D.) 141 N. W. 386; Jensen v. Andrews (S. D.) 163 N. W. 571; Newman v. Jacobson, 12 Wheat. 570, 6 L. Ed. 732.

(4) To point four, Respondent cited: Bailey v. Hendrickson, 143 N. W. 134.

SMITH, P. J. Plaintiff, Loomis, who is respondent here, brought an action to quiet title against Julius C. Stoddard, de-

fendant and appellant, also making other parties defendants who are not interested in this appeal. All except Julius C. Stoddard made default. Stoddard answered by counterclaim, alleging title in himself and demanding that his title be quieted. The trial court entered findings of fact and conclusions of law favorable to plaintiff. Defendant appeals, assigning as error insufficiency of the findings to sustain the conclusions of law and judgment.

So far as material here, the findings recite that on the 5th of May, 1913, Julius C. Stoddard and Annie Stoddard, his wife, mortgaged the premises in controversy to J. D. Newcomer Company to secure a loan of $600, and on the same date executed a commission mortgage to said company on the same premises for $60. The mortgagors having made default in payment of the last-mentioned mortgage, J. D. Newcomer Company foreclosed under the power contained in the mortgage. Notice of foreclosure sale was duly published, and on March 25, 1916, the mortgaged premises were sold to J. D. Newcomer Company for $98.69, being the full amount due on the mortgage with costs of foreclosure, and a certificate of sale issued. Thereafter J. D. Newcomer Company, apparently having sold the first mortgage, and the mortgagor having defaulted in payment of the taxes due on said land, bid in the property at tax sale, and received a tax sale certificate. On the 21st of February, 1917, J. D. Newcomer Company assigned the certificate of foreclosure sale, and also the tax sale certificate, to Meigs & Johnson, and on March 27, 1917, no redemption from foreclosure sale having been made, a sheriff's deed issued to them. On February 28, 1917, they paid the taxes accruing that year, and on April 3, 1917, surrendered for cancellation the tax sale certificate. On June 12, 1917, Meigs and Johnson, in consideration of $3,680, conveyed the premises to the plaintiff, P. W. Loomis, deducting from the purchase price the amount of the unpaid first mortgage. Thereafter plaintiff, Loomis, paid accruing taxes, and on May 28, 1918, paid the principle and interest due on the first mortgage.

It is conceded that the foreclosure proceedings were regular and in strict compliance with the statute, except an alleged defect in the published notice of sale. The land was described in the recorded mortgage as the "northwest quarter of section nine (9) in township one hundred nineteen (119), range sixty-eight (68),

in Faulk county." In the notice of sale, it was described as "northwest quarter of section nine (9) in township one hundred nine (119), range sixty-eight (68) in Faulk county." The trial court as conclusions of law held: First, that the notice of sale was not void, but was in substantial compliance with the statute; second, that appellant was estopped from attacking the validity of the sale because of laches.

[1] The statute (section 640, subd. 4, Code Civ. Proc.; section 2880, Rev. Code 1919) requires that a notice of foreclosure sale must specify "description of the mortgaged premises, conforming substantially to that contained in the mortgage." A description conforming substantially with that contained in the mortgage is sufficient. The description must be sufficient to enable the mortgagor or an intending purchaser to identify the property to be sold. The notice in this case described the property as in "township one hundred nine;" the written words, immediately following the figures, plainly referring to the township as "119." Standing alone, such description might possibly be deemed so indefinite as not to conform substantially with the description in the mortgage. But the notice further decsribed the property as situated in, and the mortgage as recorded in, Faulk county. We are of the view that the apparent ambiguity in the description of the township is patently a mere clerical error which, considered in connection with the other facts recited in the notice, could not mislead the mortgagor or an intending purchaser.

[2] May it not be assumed to be a matter of common knowledge that there is no township 119 in that county? Certainly the courts will take judicial notice that township 109 is not in Faulk county, but that township 119 is in that county. Ex parte Moore, 28 S. D. 339, 133 N. W. 817, Ann. Cas. 1914B, 648.

It is therefore apparent from all the recitals in the notice itself that the figures "119" are correct; and no one desiring to bid at the sale could, by any possibility, be mislead as to the identity of the property mortgaged.

In Lindsey v. Delano, 78 Iowa, 350, 43 N. W. 218, it was held that a notice of foreclosure, the description in which located the land in the wrong congressional civil township, but which further described it so that it could be identified, was sufficient. In Salisbury v. Murphy, 63 Neb. 415, 88 N. W. 764, the

notice of sale ·described the property as being west of the ninth principal meridian instead of the sixth principal meridian, but in the notice it was also stated that the land was in Lincoln county. The court held that the error in the description was not a fatal defect. In that case the court said:

"We know judicially that there is no real estate in Lincoln County west of the ninth meridian and that there are lands lying in said county in township 14 north of range 31 west of the sixth meridian."

[3]   In Loveland v. Clark, 11 Colo. 265, 18 Pac. 544, it was held, in relation to the description of the land to be sold contained in a notice of sale, that reasonable certainty is all that is required; that the office or function of the description in such a notice is to identify the property with reasonable certainty. The general rule seems to be that any error in the notice that will naturally mislead the public or deter persons from bidding would render a sale irregular. Jones on Mortgages, § 1852; Wiltsie on Mortgage Foreclosure Sale, § 544.

In M'Cardia v. Billings, 10 N. D. 373, 87 N. W. 1008, 88 Am. St. Rep. 729, the court said:

"We hold that the statute was substantially complied with when the notice itself states facts correctly pertaining to the record, which record, if examined, would conclusively show the error in the notice."

In Iowa Investment Co. v. Shepard, 8 S. D. 332, 66 N. W. 451, this court held that—

"Mere inaccuracies, not calculated to be misleading, are insufficient to invalidate the sale, in the absence of the claim that any one has been injured."

There is no claim, proof, or pretense in the instant case that the mortgagor or any other person has been, in fact, misled to his prejudice, or could have been mislead by reason of the description of the township in the notice of sale. We are of the view that the notice in this case is a substantial compliance with the statute. See, also, Newman v. Jackson, 12 Wheat. 570, 6 L. Ed. 732.

[4]   The trial court found that the property sold was of a value greatly in excess of the amount for which it was bid in at the foreclosure sale and appellant contends that such inadequacy

of price, coupled with the alleged inaccuracy of description in the notice, warrant setting aside the sale, citing Stacy v. Smith, 9 S. D. 137, 68 N. W. 198, and other authorities. In that case the agent of the mortgagee who was a nonresident, forwarded the mortgage for foreclosure under a power of sale, to one of two claimants of the office of sheriff, under the mistaken belief that he was the legal sheriff. The other claimant, who was in fact the legal incumbent, without authority of the owner of the mortgage and without possession of any of the papers in the matter, proceeded to sell the property in accordance with the published notice of foreclosure. The property which was of the value of $600 was sold for $10.60, being only the amount of the costs and expenses of sale. The sale was set aside on the grounds of mistake and gross inadequacy of price. This court said:

"The court finds that the property was, at the time of the sale, of the value of $600; yet the sale made by Smith was for $10.60—about one-sixtieth of its value, and just the amount of the sheriff's fees, and the fee for recording the certificate of sale. No court of equity would permit such a sale to stand, if challenged by parties interested, especially when made under a power of sale, unless forced to do so by the well-established rules of equity. * * * A court of equity, in the exercise of its equitable powers, will scrutinize with care sales made under powers of sale contained in the mortgage; and, where there is great inadequacy of consideration, it will be astute in extracting from the facts of the case sufficient to justify annulling the sale."

[5] In this case, the property was sold to the mortgagee as purchaser for the full amount of the mortgage indebtedness and costs of foreclosure. We are not prepared to hold that a mortgagee is required to bid at a foreclosure sale an amount in excess of that secured by the mortgage. Such a requirement would be of no benefit whatever to the mortgagor, for the reason that the amount received at the sale in excess of the indebtedness would be turned over to the debtor, and in order to redeem he would still be compelled to add to it the amount of the mortgage indebtedness, leaving him in precisely the same situation as though the property had been sold for the amount of the mortgage debt. In fact, a rule which would require such a mortgagee to bid in property at its approximate value would compel the mortgagee to

become a purchaser of the property rather than the holder of a security for his indebtedness.

[5] Some allusions are made in appellant's brief to the inequity involved in permitting the mortgagee to acquire title to the mortgaged property for an amount much less than its value. It is to be borne in mind; First, that the defendant, in effect stands in the same equitable position as though the first and second mortgages had both been foreclosed for the entire amount, with taxes added, and that in the purchase of the property from the mortgagee he paid substantially the full value of the land. Should the mortgage sale now be set aside and plaintiff permitted to redeem upon payment of the amount due on both mortgages, together with taxes, the defendant stands to lose the amount he paid in excess of such indebtedness, unless, perchance, he may have recourse upon covenants of warranties in his deed.

The record discloses that within 60 days after the foreclosure sale plaintiff was notified, and received actual knowledge of the foreclosure, and was advised to redeem the property and save his title, which he refused and neglected to do. Under such circumstances the equities are not unequal.

Appellant concedes that inadequacy of price alone would not warrant setting aside a sale made in substantial compliance with the statute. We hold that the notice in this case was a substantial compliance with the statute, and for that reason deem it unnecessary further to consider the inadequacy of price or the supposed inequities of appellant.

The order and judgment of the trial court are affirmed.

WHITING, J. (dissenting). I am unable to agree with Judge SMITH'S conclusion herein, and I think he has failed to recognize well-established rules of law. I believe Judge Corson stated the correct rule of law when, in Stacy v. Smith, 9 S. D. at page 142, 68 N. W. at page 199, he said:

"A court of equity, in the exercise of its equitable powers, will scrutinize with care sales made under powers of sale contained in the mortgage; and, where there is great inadequacy of consideration, it will be astute in extracting from the facts of the case sufficient to justify annulling the sale."

And in this case the court cited with evident approval the following from O'Donnell v. Lindsey, 39 N. Y. Super. Ct. 523:

"It will be seen, however, in the cases that a great inadequacy has refined the ingenuity of the learned judges in extracting from the facts in the case sufficient to justify annulling the sale." —many authorities being cited in support of the above. The majority seem to be of the opinion that, because the mortgagor, by his contract, gave to the mortgagee a power of sale, the proceedings are based upon the mortgagor's contract, and are largely for his benefit, and that no such strictness should be or is required in these foreclosures as in cases of proceedings by the state ex parte, such as tax proceedings. As stated by this court in Stacy v. Smith, supra, the true rule of law is:

"A court of equity justly scrutinizes the conduct of a party placed by law in a position where he possesses the power to sacrifice the interests of another in a manner which may defy detection, and stands ready to afford relief on very slight evidence of unfair dealing."

The case of Stacy v. Smith was one where a foreclosure under power of sale was being reviewed; and, while the facts were quite different from those before us, the principles announced are directly applicable thereto. In 27 Cyc. 1466, the rule is laid down that, under a power of sale, "the notice of sale, in all things required by the statute, must conform strictly to its provisions." I am clearly of the opinion that the true rule of law is that, under a power of sale, especially where the mortgagee has the right to be a bidder, the law holds him as a trustee possessed of an important power which he must exercise in the utmost good faith, and that the courts will not inquire as to whether actual fraud was committed, but only determine whether there were circumstances which might have deterred bidders, and, if so, when the property has been bid in at a wholly inadequate price by the mortgagee to whom the power of sale was given, that the courts, instead of trying to uphold the sale, should, as Judge Corson stated, "be astute" in detecting the defect which may have given the mortgagee an opportunity to bid without competition.

I take it that the majority are of the opinion that a description which would be sufficient in a deed would be sufficient in a notice of sale—in other words, that, where the notice is such that it conveys information from which the property may be ascertained it is sufficient even though defective or ambiguous. But

such is not the law. As was well said in Herrick v. Ammerman, 32 Minn. 547, 21 N. W. 838:

"A description sufficient to convey land between man and man, or which, if contained in an agreement to convey, would authorize a decree of specific performance, might not be sufficient in proceedings to sell land on an execution."

My Colleagues rest their opinion upon the case of McCardia v. Billings, supra; but a reading of that case discloses that what was said therein could have no application to the facts of this case. In that case, there was a foreclosure in 1886. After foreclosure sale, the land changed hands several times. No steps questioning the foreclosure were taken for somewhere in the neighborhood of 15 years; and, so far as the question of the notice was concerned, the only defect was that it gave the date of the mortgage as October 1st, when it should have been given as October 10th. There are two classes of defects in notices: One of which, from its nature, could not, except in connection with an examination of the records or of the mortgage, in any way deter or discourage bidding at the sale; another of which, being apparent on the face of the notice itself, would have a tendency to keep parties from bidding at sales. The notice in the North Dakota case was of the first kind—a person reading such notice would not discover anything that would in any way tend to prevent his becoming a bidder at the sale. The notice before us is entirely different—it is of the second kind, and it presents a situation in principle very similar to that appearing in Jensen v. Andrews, 39 S. D. 104, 163 N. W. 571. I think that any prudent person who should chance to read this notice and should see that there was a mistake in the description, no matter if he might know, as a matter of fact, that the correct description was 119 and not 109, would say to himself:

"Now, while I know what land was described in that mortgage, as the records fully advise me, and I therefore know what land will be offered for sale, yet I do not know but what I will be buying a lawsuit because of such faulty notice. I, therefore, will not become a purchaser at such sale."

In this case now before us, an equity worth over $3,000 was purchased for some $90, the only bidder being the mortgagee, the party holding the power of sale. We should therefore not stop

to inquire whether anybody was actually mislead or deterred from bidding at the sale because of the defect in the notice; but we should "be astute" and extract, if possible—and it certainly is possible—"from the facts of the case, sufficient to justify annul ling the sale."