KLH Retirement Planning, Ltd., a Nebraska limited partnership, appellee, v. Vincent Okwumuo et al., appellants, and Cornhusker Bank et al., appellees.

642 N.W.2d 801

Filed April 25, 2002.   No. S-00-1302.

James A. Cada and Edward F. Hoffman, of Cada & Associates, for appellants Vincent Okwumuo and Sabrina Okwumuo.

Harvey Froscheiser for appellant F & F Oil Co., Inc.

Ward F. Hoppe and S. Grace Acosta, of Hoppe & Harner Law Office, for appellee Cornhusker Bank.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

Vincent Okwumuo, Sabrina Okwumuo, and F & F Oil Co., Inc. (F & F Oil), (collectively the appellants) appeal from a district court's order confirming a judicial sale under a decree foreclosing a real estate mortgage. The appellants objected to the confirmation on various grounds, including lack of notice and inadequacy of sale price. The district court found that the sale was made in conformity with the law and sold for fair value. We reverse because the appellee Cornhusker Bank failed to give notice of the sale in accordance with Neb. Rev. Stat. § 25-520.01 (Reissue 1995).

## BACKGROUND

On September 28, 1995, the Lancaster County treasurer sold property owned by Vincent and Sabrina in Lincoln at a private tax sale for delinquent taxes. On January 24, 1996, KLH Retirement Planning, Ltd. (KLH), took assignment of the tax sale certificate and also paid the taxes for the subsequent years. On October 13, 1998, after the 3-year redemption period had expired, KLH filed a petition in district court seeking to foreclose its tax sale certificate. See Neb. Rev. Stat. § 77-1902 (Reissue 1996). The petition named the owners and other lienholders as defendants. KLH alleged that the other liens were inferior to its interests and asked that its lien be decreed superior and that the property be sold to satisfy its lien. The other liens included (1) a deed of trust filed by Cornhusker Bank, (2) a deed of trust filed by F & F Oil, and (3) a federal tax lien filed by the Internal Revenue Service (IRS).

In March 1999, all of the parties entered a joint motion and stipulation for entry of judgment. They agreed that KLH had a valid first lien and was entitled to foreclose and sell the property as a result of its ownership of the tax sale certificate. They agreed that Cornhusker Bank had a valid second lien, F & F Oil had a valid third lien, and the IRS had a valid fourth lien.

The district court issued its decree of foreclosure in March 1999. The court found that all four of the liens were valid and that

the total amount owed on the liens was $92,776.45, plus interest. The court found that unless the liens were redeemed or satisfied before June 1, 1999, the real estate should be sold. The liens were not redeemed or satisfied. Between June 9, 1999, and June 27, 2000, KLH asked the court four times to issue an order of sale for the property, but none of the published sales ever took place.

On August 10, 2000, KLH filed a notice that its tax sale certificate had been redeemed in full and that it was releasing its interest in the property. On August 11, Cornhusker Bank requested an order of sale, but the record contains only an unsigned, proposed order. On September 13, Cornhusker Bank filed a proof of service that it had sent a copy of the notification to the attorneys of the remaining parties. The notification, stating that the sale would take place on September 19, was first published in The Daily Reporter on August 25.

The master commissioner's return to order of sale indicates that he received the order on August 16, 2000, and caused notification to be published in The Daily Reporter for 4 consecutive weeks, beginning August 25. He then sold the property through public auction on September 19 to "Hot to Trot Specialty Foods, Inc.," for $39,000.

On October 2, 2000, F & F Oil filed a motion to set aside the sale because, among other reasons: (1) Cornhusker Bank had not complied with § 25-520.01 and (2) the amount of the sale price, $39,000, was inadequate when the property had a value of over $100,000. Vincent and Sabrina also filed a motion to set aside the sale. Their allegations were identical with one exception. They additionally alleged that Cornhusker Bank told them on September 12, 7 days before the sale, that the balance due on the mortgage was the monthly payment of $481 and that the bank accepted a payment of $481 on September 14.

On October 16, 2000, a hearing was held on the two motions to set aside the September 19 sale and Cornhusker Bank's motion to confirm the sale. At the hearing, Cornhusker Bank's counsel submitted an affidavit in which he stated that his office had sent a copy of the published notification of sale to the attorneys of record for the other parties on September 13, 2000. Vincent and Sabrina submitted, without objection, a valuation of the property for tax assessment purposes performed in August 2000. That

assessment used a cost method to determine that the value of the land without improvements was $21,247 and that the value of the improvements was $104,353, for a total value of $125,600. No other appraisals or evaluations were submitted as evidence.

In November 2000, the court entered an order confirming the sale. The court found that the sale was made in conformity with the law in all respects and that the property sold for fair value under the circumstances and conditions of the sale. The appellants then filed this appeal.

## ASSIGNMENTS OF ERROR

The appellants assign, restated, that the district court erred in finding that the sale price of $39,000 was adequate and a fair value under the circumstances and conditions of the sale when (1) the evidence showed that the property's minimum market value was $125,600, and no contrary evidence was adduced regarding the property's value; (2) the appellants' evidence indicated that a subsequent sale of the property would realize a greater sale price than $39,000; (3) the sale price of $39,000 was less than the decree amount, which was in excess of $92,000; (4) the master commissioner was without authority to sell the property because an order of sale was not issued by the clerk's office; (5) Cornhusker Bank did not comply with the requirements of § 25-520.01; (6) the notice of sale did not comply with due process; and (7) the uncontroverted evidence showed that Vincent and Sabrina were not in default to Cornhusker Bank.

## STANDARD OF REVIEW

Statutory interpretation presents a question of law. *Sydow v. City of Grand Island, ante* p. 389, 639 N.W.2d 913 (2002). When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Id.*

## ANALYSIS

### AUTHORIZATION FOR JUDICIAL SALE

The appellants contend that the master commissioner was without authority to sell the property because the district court clerk did not issue an order of sale as required under Neb. Rev.

Stat. § 25-1501 (Reissue 1995). Cornhusker Bank contends that the clerk's failure to include a signed copy of the order in the court file is an insufficient reason to set aside the sale. We agree.

■ Neb. Rev. Stat. § 77-1912 (Reissue 1996) governs the procedures for a sheriff's sale of real property after a foreclosure order for delinquent taxes. It provides, in relevant part, that the "sheriff shall sell the real property in the same manner provided by law for a sale on execution." Execution sales, in turn, are governed by Neb. Rev. Stat. § 25-1501 et seq. (Reissue 1995 & Cum. Supp. 2000).

■ Section 25-1501 provides in part that "[e]xecutions shall be deemed process of the court, and shall be issued by the clerk and directed to the sheriff of the county." In the absence of evidence to the contrary, it may be presumed that public officers faithfully performed their official duties and that absent evidence showing misconduct or disregard of law, the regularity of official acts is presumed. *State v. Hess*, 261 Neb. 368, 622 N.W.2d 891 (2001). Although the record contains only an unsigned, proposed order, the presumption of regularity is not overcome.

■ We have held that a district court clerk's failure to attach his seal of office to an order of sale does not invalidate a judicial sale under a decree of foreclosure because the decree of foreclosure is "sufficient authority for the sheriff to sell the property. The issuance of the order of sale was unnecessary . . . ." *Salisbury v. Murphy*, 63 Neb. 415, 416, 88 N.W. 764, 764 (1902). Compare *Stephenson v. Murdock*, 89 Neb. 818, 132 N.W. 406 (1911) (holding that decree, not order of sale, controls sheriff's authority to sell property). The master commissioner's return to the order of sale specifically stated that he received the order of sale on August 16, 2000. Under its commands, he published notice and then sold the property. We conclude that this assignment of error is without merit.

## ADEQUACY OF NOTICE

The appellants next contend that the notice they received did not comply with § 25-520.01 or the requirements of due process under *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S. Ct. 2706, 77 L. Ed. 2d 180 (1983). Cornhusker Bank claims that the court was not presented with the due process issue and

that the facts of *Mennonite Board of Missions* are distinguishable. Cornhusker Bank further contends that § 25-520.01 was intended to apply to situations when service of process is performed by publication.

■ When an issue is raised for the first time in an appellate court, it will be disregarded because a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition. *In re Adoption of Luke, ante* p. 365, 640 N.W.2d 374 (2002).

Neither F & F Oil nor Vincent and Sabrina raised a due process objection in their motions to set aside the sale or in their arguments to the court at the confirmation hearing. Thus, we consider only their argument that the notice of sale did not comply with § 25-520.01.

Section 25-1529 requires notice by publication in a sale on execution of real property: "Lands and tenements taken in execution shall not be sold until the officer causes public notice of the time and place of sale to be given. The notice shall be given by publication once each week for four successive weeks in some newspaper printed in the county . . . ."

The court officer appointed to conduct the sale has the duty to publish this notice. Here, the issue is whether the party requesting the order of sale had the duty to mail a copy of the published notice to other parties with an interest in the property being sold. Section 25-520.01 provides:

> In any action or proceeding of any kind or nature . . . where a notice by publication is given as authorized by law, a party instituting or maintaining the action or proceeding with respect to notice or his attorney shall within five days after the first publication of notice send by United States mail a copy of such published notice to each and every party appearing to have a direct legal interest in such action or proceeding whose name and post office address are known to him. Proof by affidavit of the mailing of such notice shall be made by the party or his attorney and shall be filed with the officer with whom filings are required to be made in such action or proceeding within ten days after mailing of such notice.

Section 25-520.01 is included in the statutes governing the commencement of actions, service of process, and constructive service. See § 25-1501 et seq. Although some of its provisions are obviously intended to apply only to constructive service when a party cannot be located, its application is not limited to service of process. Neb. Rev. Stat. § 25-520.03 (Reissue 1995) states that the Legislature intended § 25-520.01 to be "cumulative and supplemental to existing legislation [and to] apply to all parties authorized by law to give notice by publication."

■ This court has concluded that § 25-520.01 applies to the publication of notice for a judicial sale. See *Kleeb v. Kleeb*, 210 Neb. 637, 316 N.W.2d 583 (1982). See, also, *Hollstein v. Adams*, 187 Neb. 781, 194 N.W.2d 216 (1972). In *Kleeb*, the district court ordered a tract of property to be sold after determining the parties' interests in a partition action. The appellants argued that the district court erred in finding that § 25-520.01 was satisfied when the copy of the notice was not mailed on the fifth day after the first publication. This court, citing Neb. Rev. Stat. § 25-2221 (Reissue 1995) (computation of time), held that § 25-520.01 was not violated by mailing the notice on the following Monday when the fifth day after the first publication fell on a Saturday. *Kleeb, supra*. We conclude that § 25-520.01 applies to a publication of notice given under § 25-1529 governing sales on execution.

Cornhusker Bank, however, argues that it substantially complied with § 25-520.01 by serving notice of publication on the attorneys of record for the appellants as provided for under Neb. Rev. Stat. § 25-534 (Reissue 1995). That section allows for service or notice of any document other than a summons to be given to a party's attorney of record unless the court orders otherwise. Even if § 25-534 modifies the requirement of § 25-520.01 to mail notice to the parties, that would not overcome Cornhusker Bank's failure to mail the notice within 5 days of the first publication. Cornhusker Bank cannot, and does not, claim that it substantially complied with the 5-day notice requirement when it sent notice of publication to the parties' attorneys 19 days after the first publication.

■ Section 25-1531 requires a court to carefully examine the proceedings and "be satisfied that the sale has in all respects been made in conformity to the provisions of this chapter" before

confirming a mortgage foreclosure sale. As discussed, we have previously held that the notice by publication under § 25-1529 must conform to the requirements of § 25-520.01. We determine that the district court abused its discretion in confirming this sale when the facts showed that Cornhusker Bank did not comply with the requirements of § 25-520.01. Because of our ruling, we do not reach the remaining assignments of error.

REVERSED.