Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/02/2021 08:08 AM CDT

- 209 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
OMAHA MUNICIPAL LAND BANK v. EKWEN
Cite as 30 Neb. App. 209

Omaha Municipal Land Bank and County of Douglas,
appellees, v. Vitaly Ekwen, appellant, and
Vandelay Investments, L.L.C.,
et al., appellees.

___ N.W.2d ___

Filed October 12, 2021.    No. A-20-679.

1. **Judicial Sales: Real Estate: Appeal and Error.** Upon an appeal from an order confirming a judicial sale of real estate, an appellate court reviews the matter de novo.
2. **Statutes: Appeal and Error.** Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.
3. **Records: Appeal and Error.** It is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors.
4. **Judicial Sales: Property: Foreclosure: Taxes.** Under Neb. Rev. Stat. § 77-1912 (Reissue 2018), a sheriff's sale of real property after a foreclosure order for delinquent taxes is governed by the provisions for sales on execution under Neb. Rev. Stat. § 25-1501 et seq. (Reissue 2016 & Cum. Supp. 2020).
5. **Actions: Notice: Affidavits: Proof.** Pursuant to Neb. Rev. Stat. § 25-520.01 (Reissue 2016), where a notice by publication is given, the party instituting or maintaining the action or proceeding must, within 5 days after the first publication of notice, send a copy of the published notice to each party appearing to have a direct interest in the action or proceeding and whose name and address are known to him or her. Proof by affidavit of the mailing of the notice must be made within 10 days.
6. **Judicial Sales: Notice.** The requirements of Neb. Rev. Stat. § 25-520.01 (Reissue 2016) apply to a publication of notice given under Neb. Rev. Stat. § 25-1529 (Reissue 2016) governing sales on execution.
7. **Public Officers and Employees: Presumptions.** In the absence of evidence to the contrary, it may be presumed that public officers

- 210 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
OMAHA MUNICIPAL LAND BANK v. EKWEN
Cite as 30 Neb. App. 209

faithfully performed their official duties and that absent evidence showing misconduct or disregard of law, the regularity of official acts is presumed.

8. **Mortgages: Foreclosure: Notice.** Under Neb. Rev. Stat. § 25-1531 (Cum. Supp. 2020), a court errs in confirming a mortgage foreclosure sale when the facts show that the mortgagee did not comply with the notification requirements of Neb. Rev. Stat. § 25-520.01 (Reissue 2016).

Appeal from the District Court for Douglas County: GARY B. RANDALL, Judge. Affirmed in part, and in part reversed and remanded with directions.

Thomas C. Dorwart, of Goosmann Law Firm, P.L.C., for appellant.

Matthew G. Munro, of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellees Omaha Municipal Land Bank and County of Douglas.

RIEDMANN, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

## INTRODUCTION

Vitaly Ekwen appeals the Douglas County District Court's order confirming a sheriff's sale of real property under a decree of foreclosure on a tax lien. Ekwen claims that because of improper or insufficient service and notice, the court should have vacated and set aside the sale, its previous order on a motion for service by publication, and the decree of fore-closure. We affirm the district court's decision not to vacate and set aside its previous order on the motion for service by publication and the decree of foreclosure. However, we reverse the district court's decision to confirm the sale, and we remand the cause to the district court with directions.

## BACKGROUND

On February 23, 2018, Omaha Municipal Land Bank (Bank) and the County of Douglas, Nebraska (County), filed a complaint against several defendants seeking the payment

- 211 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
OMAHA MUNICIPAL LAND BANK v. EKWEN
Cite as 30 Neb. App. 209

of delinquent real estate taxes or, if payment was not made, an order that the real estate be sold in a tax lien foreclosure proceeding. Both Ekwen and the "Real Property located at 3525 North 28th Avenue Omaha, NE 68111" (real property) were among the named defendants. The Bank and the County alleged the County was the owner and holder of a tax sale certificate issued by the Douglas County treasurer in 2014, which constituted "a first and superior lien" on the real property legally described as "Lot 22, Block 2, Redicks Park, an addition to the city of Omaha, in Douglas County, Nebraska." The Bank and the County further alleged that the tax sale certificate had not been redeemed, nor subsequent taxes paid, and that because 3 years had elapsed since the issuance of the tax sale certificate, they were now entitled to foreclose the lien for taxes represented by the tax sale certificate, as well as for subsequent years' taxes paid by the County. The Bank and the County alleged that certain named defendants, including Ekwen, had a claim or interest in the real property. The Bank and the County's praecipe requested that the clerk of the court "issue a Summons directed to the Defendants listed below and return to the undersigned for service upon said Defendants by CERTIFIED MAIL as provided by law"; Ekwen was listed at a specified post office box (P.O. Box) in Omaha.

On July 2, 2018, the Bank and the County filed a motion for service by publication, alleging that Ekwen, the real property, and some of the other defendants could not be served by any other means. The affidavit of Martin A. Barnhart was said to be "filed contemporaneously" in support of the motion; however, the affidavit does not appear in our transcript, nor was it requested in the praecipe for transcript. The "Certificate of Service" stated that a copy of the motion was served by "United States mail" on Ekwen at the P.O. Box in Omaha. Although both parties reference the district court's order on the motion for service by publication, which was apparently granted, the order does not appear in our transcript, nor was it requested in the praecipe for transcript.

- 212 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
OMAHA MUNICIPAL LAND BANK v. EKWEN
Cite as 30 Neb. App. 209

Nearly 1 year later, on June 20, 2019, the Bank and the County filed a motion for default judgment against the defendants, including Ekwen and the real property, for failure to answer the complaint. The Bank and the County stated that in support of the motion, they intended to rely on the affidavit of Barnhart. Barnhart's May affidavit in support of the motion for default judgment stated that he is the executive director of the Bank; on February 23, 2018, the Bank and the County filed the complaint in this action; the Bank and the County served the summons and complaint on the defendants by certified mail or publication, as indicated in the court file; and the defendants failed to file an answer or other responsive pleading within 30 days of service. Barnhart also set forth the amounts due and owing related to the tax sale certificate and the case. The "Notice of Hearing" stated that the motion for default judgment would be called for hearing on June 25. Additionally, the "Certificate of Service" stated that a copy of the motion was served by "First Class Mail" on Ekwen at the P.O. Box in Omaha. It also stated that "No Service" was provided to "Lot 22 Block 2 Redicks Park."

On June 25, 2019, the district court entered an "Order Granting Default Judgment/Decree of Foreclosure." The court found that the defendants had been validly served but had not filed an answer or otherwise pled. The court further found that the Bank and the County had a valid first lien on the real property and were entitled to foreclose their lien against the real property. The court ordered that in the event that the sums due as set forth in the decree were not paid within 20 days from the entry of the decree, an order of sale would be issued and the real property sold for the satisfaction of the Bank and the County's lien. Upon confirmation of the sale, the default defendants would be foreclosed and forever barred of all right, title, and interest in the real property. The "Certificate of Service" does not show that Ekwen was served a copy of the court's order, but it does show that service was sent via U.S. mail to "Lot 22 Block 2 Redicks Park an addi 3525 North 28th Ave. Omaha, NE 68111."

- 213 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
OMAHA MUNICIPAL LAND BANK v. EKWEN
Cite as 30 Neb. App. 209

The Bank and the County's "Praecipe for Order for Sale" was filed on July 26, 2019; it asked the clerk of the district court to issue an order of sale directing the Douglas County sheriff to sell the property, because "[n]one of the real estate has been redeemed from the Decree of Foreclosure and the statutory period for redemption has expired." The "Certificate of Service" stated that a copy of the praecipe was served by "regular, first class mail" on Ekwen at the P.O. Box in Omaha.

On October 18, 2019, a deputy sheriff filed a document stating:

> Received this order of sale on August 7, 2019, and thereupon on September 16, 2019, I caused a notice to be published in the Daily Record, a newspaper printed and in general circulation in [Douglas] County, that I would offer said property for sale at 1616 Leavenworth Street, Omaha, Nebraska on October 16, 2019, at 11:00 a.m., of said day. After having so advertised the same for more than thirty days, and at the time and place stated in said notice I offered the said lands and tenements for sale at public auction, and sold the same as follows to-wit:
>
> **Lot 22, Block 2, Redicks Park, an Addition to the City of Omaha, in Douglas County, Nebraska.**
>
> **Sold to: Omaha Municipal Land Bank and County of Douglas[.]**
>
> **For the sum of: . . . $12,942.49[.]**

On December 4, 2019, the Bank and the County filed a motion to confirm the sale of the real property. The "Certificate of Service" stated that a copy of the motion was served by "regular United States mail" on Ekwen at the P.O. Box in Omaha. It also stated that "No Service" was provided to "Lot 22 Block 2 Redicks Park."

On December 12, 2019, Ekwen filed an "Objection to Motion to Confirm and Motion to Vacate and Set Aside." Ekwen stated he objected to the motion to confirm, and he also moved for an order vacating and setting aside the order on the motion for service by publication, the decree of foreclosure, and the sheriff's sale. He alleged that the judgment

- 214 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
OMAHA MUNICIPAL LAND BANK v. EKWEN
Cite as 30 Neb. App. 209

was rendered without service of process upon him other than by publication. Ekwen further alleged that the Bank and the County failed to make diligent investigation and inquiry into his whereabouts; there was no return of service showing any attempts to serve him in any manner prior to the order for service by publication; notice of the sheriff's sale was not published in accordance with Neb. Rev. Stat. §§ 77-1912 (Reissue 2018) and 25-1501 et seq. (Reissue 2016 & Cum. Supp. 2020); the motion for default judgment and the motion to confirm were not served upon him at his last known address; and a substantial injustice would result from the denial of due process if the motion to confirm was not denied and the order on the motion for service by publication, the decree of foreclosure, and the sheriff's sale were not vacated and set aside.

A hearing on the motion to confirm sale, as well as Ekwen's objection and his motion to vacate and set aside, was held on July 27, 2020. On August 19, the district court entered an order and a nunc pro tunc order confirming the sale of the real property and for issuance of a deed to the Bank. The court found that the sale had been "conducted in all respects according to law" and that the real property was sold for its fair value under the circumstances and conditions of the sale. The court further found that the order on the motion for service by publication and the decree of foreclosure were "issued in all respects according to law." The "Certificate of Service" shows that Ekwen's counsel was served via email and that service was sent to "Lot 22 Block 2 Redicks Park an addi 3525 North 28th Ave. Omaha, NE 68111."

Ekwen appeals.

## ASSIGNMENTS OF ERROR

Ekwen assigns, restated, that the district court erred in (1) finding that the Bank and the County made sufficient diligent investigation and inquiry into his whereabouts by executing service by publication and (2) failing to affirmatively find that proper notice of the time and place of the foreclosure sale of his property was not provided to him in accordance with

- 215 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
OMAHA MUNICIPAL LAND BANK v. EKWEN
Cite as 30 Neb. App. 209

Nebraska law and the principles of due process. Accordingly, Ekwen claims that the court erred in granting the motion to confirm the sale of his real property and in denying his motion to vacate and set aside the sale and the court's previous order on the motion for service by publication and the decree of foreclosure.

## STANDARD OF REVIEW

[1] Upon an appeal from an order confirming a judicial sale of real estate, an appellate court reviews the matter de novo. See *Federal Farm Mtg. Corporation v. Popham*, 137 Neb. 529, 290 N.W. 423 (1940).

[2] Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court. *In re Estate of Loder*, 308 Neb. 210, 953 N.W.2d 541 (2021).

## ANALYSIS

### Motion for Service by Publication and Decree of Foreclosure

Ekwen claims the district court's order on the motion for service by publication and the decree of foreclosure should have been vacated and set aside because service was not properly perfected upon him. He contends the court erred in finding the Bank and the County "made sufficient diligent investigation and inquiry" into his whereabouts "by executing service by Certified Mail and publication without any attempt to execute personal service upon [him]." Brief for appellant at 7. He argues that when a party fails to comply with Neb. Rev. Stat. § 25-520.01 (Reissue 2016), the court lacks personal jurisdiction over the defendant, and a "judgment . . . entered by a court without personal jurisdiction . . . is void." Brief for appellant at 9.

Although § 25-520.01 has been recently amended, the version applicable here states:

> In any action or proceeding of any kind or nature, as defined in section 25-520.02, where a notice by publication is given as authorized by law, a *party instituting*

- 216 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
OMAHA MUNICIPAL LAND BANK v. EKWEN
Cite as 30 Neb. App. 209

*or maintaining the action or proceeding with respect to notice or his attorney shall within five days* after the first publication of notice *send by United States mail a copy of such published notice to each and every party* appearing to have a direct legal interest in such action or proceeding *whose name and post office address are known to him. Proof by affidavit* of the mailing of such notice *shall be made by the party or his attorney and shall be filed* with the officer with whom filings are required to be made in such action or proceeding *within ten days* after mailing of such notice. Such affidavit of mailing of notice shall further be required to state that such party and his attorney, after diligent investigation and inquiry, were unable to ascertain and do not know the post office address of any other party appearing to have a direct legal interest in such action or proceeding other than those to whom notice has been mailed in writing.

(Emphasis supplied.) See *Francisco v. Gonzalez*, 301 Neb. 1045, 921 N.W.2d 350 (2019) (father of children not mailed copy of publication notice in compliance with § 25-520.01; district court lacked personal jurisdiction, and appeal dismissed for lack of jurisdiction). The relevant documents showing compliance with § 25-520.01 were not requested in the praecipe for transcript and do not appear in our record. However, Ekwen makes no claim that the Bank and the County failed to comply with the 5-day and 10-day requirements of § 25-520.01 after the first publication of notice. Rather, Ekwen argues that he should not have been served by publication without a showing that personal service was attempted first. We address that argument now.

We initially note that in his brief, Ekwen states that he lives in California and there was no attempt to personally serve him at his California residence. However, there is nothing in our record to suggest that Ekwen was an out-of-state resident, and no mention of California appears in either the transcript or the bill of exceptions that are before us on appeal. He also claims there is "no evidence that any attempt at service was made

- 217 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
OMAHA MUNICIPAL LAND BANK v. EKWEN
Cite as 30 Neb. App. 209

upon the address of the property at issue in the foreclosure proceedings, despite [the Bank and the County] having knowledge that [he] was the owner of the property." Brief for appellant at 10. We therefore proceed to address Ekwen's general claim that he should not have been served by publication.

Pursuant to Neb. Rev. Stat. § 25-508.01(1) (Reissue 2016), an individual party, other than a person under the age of 14 years, may be served by personal, residence, certified mail, or designated delivery service. However, "[*u*]*pon motion and showing by affidavit that service cannot be made with reasonable diligence* by any other method provided by statute, the court may permit service to be made . . . by publication . . . ." Neb. Rev. Stat. § 25-517.02 (Reissue 2016) (emphasis supplied). See, also, Neb. Rev. Stat. § 25-518.01 (Reissue 2016) (service may be made by publication when ordered by court).

In the praecipe attached to their February 2018 complaint, the Bank and the County requested that the clerk of the court issue a summons directed to the defendants, including Ekwen at a specified P.O. Box, and "return to the undersigned [plaintiffs' counsel] for service upon said Defendants [including Ekwen] by CERTIFIED MAIL as provided by law." In its July motion for service by publication, the Bank and the County alleged that certain defendants, including Ekwen and the real property, could not be served by any other means. The affidavit of Barnhart was said to be "filed contemporaneously" in support of the motion; however, as stated previously, the affidavit does not appear in our transcript, nor was it requested in the praecipe for transcript. Moreover, although both parties reference the district court's order on the motion for service by publication, which was apparently granted, the order does not appear in our transcript, nor was it requested in the praecipe for transcript.

On June 25, 2019, the district court entered an "Order Granting Default Judgment/Decree of Foreclosure." The court found that the defendants had been validly served but had not filed an answer or otherwise pled. And in its August 2020 order on Ekwen's motion to vacate and set aside, the district

- 218 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
OMAHA MUNICIPAL LAND BANK v. EKWEN
Cite as 30 Neb. App. 209

court found that the order on the motion for service by publication and the decree of foreclosure were "issued in all respects according to law."

[3] As a general proposition, it is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors. *Ginger Cove Common Area Co. v. Wiekhorst*, 296 Neb. 416, 893 N.W.2d 467 (2017). Ekwen claims that the Bank and the County "did not conduct reasonable diligence in accordance with . . . § 25-517.02 prior to filing their Motion for Service by Publication" and that "[t]herefore, service by publication was improper and service was never properly executed upon [him]." Brief for appellant at 9-10. He further claims that because service was not perfected, the court lacked personal jurisdiction over him and the decree of foreclosure was void. Because Barnhart's affidavit in support of the motion for publication and the district court's order on the motion for service by publication are not included in our appellate record, Ekwen has not presented this court with a record supporting his claim that the order on the motion for service by publication and the decree of foreclosure should be vacated and set aside. Accordingly, we affirm the district court's findings that the "Default Defendants" had been validly served and that the order on the motion for service by publication and the decree of foreclosure were "issued in all respects according to law."

ORDER CONFIRMING SALE

Next, Ekwen claims the district court erred in granting the Bank and the County's motion to confirm the sale of the real property and in denying his motion to vacate and set aside the sale. He contends the court erred in finding that proper notice of the time and place of the foreclosure sale was provided to him.

[4] Under § 77-1912(1), a sheriff's sale of real property after a foreclosure order for delinquent taxes is governed by the

- 219 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
OMAHA MUNICIPAL LAND BANK v. EKWEN
Cite as 30 Neb. App. 209

provisions for sales on execution under § 25-1501 et seq. *KLH Retirement Planning v. Okwumuo*, 263 Neb. 760, 642 N.W.2d 801 (2002). Pursuant to § 25-1529:

> Lands and tenements taken in *execution shall not be sold until the officer causes public notice of the time and place of sale to be given. The notice shall be given by publication once each week for four successive weeks in some newspaper printed in the county,* or, in case no newspaper be printed in the county, in some newspaper in general circulation therein, and by posting a notice on the courthouse door, and in five other public places in the county, two of which shall be in the precinct where such lands and tenements lie. All sales made without such notice shall be set aside on motion, by the court to which the execution is returnable.

(Emphasis supplied.)

[5,6] As set forth previously, § 25-520.01 requires that where a notice by publication is given, the party instituting or maintaining the action or proceeding must, within 5 days after the first publication of notice, send a copy of the published notice to each party appearing to have a direct interest in the action or proceeding and whose name and address are known to him or her. Proof by affidavit of the mailing of the notice must be made within 10 days. See *id*. Section 25-520.01 applies to a publication of notice given under § 25-1529 governing sales on execution. *KLH Retirement Planning v. Okwumuo, supra*. Thus, the party requesting the order of sale has the duty to mail a copy of the published notice to other parties with an interest in the property being sold. See *id*.

Section 25-1531 requires a court to carefully examine the proceedings and be "satisfied that the sale has in all respects been made in conformity to the provisions of this chapter" before confirming such sale. See *KLH Retirement Planning v. Okwumuo, supra*. See, also, Neb. Rev. Stat. § 77-1913 (Reissue 2018) (court shall examine proceedings and find they are correct before entering order of confirmation of sale).

- 220 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
OMAHA MUNICIPAL LAND BANK v. EKWEN
Cite as 30 Neb. App. 209

[7] Ekwen claims that "there was never any evidence, other than the Sheriff's Return regarding the Order of Sale, showing that publication was made in accordance with the relevant statutes." Brief for appellant at 12. As set forth in more detail previously, in October 2019, a deputy sheriff filed a document stating that on September 16, he caused a notice to be published in a newspaper printed in general circulation in Douglas County that the property would be sold at a specified time and place, and that the sale was advertised for more than 30 days before the sale took place. In the absence of evidence to the contrary, it may be presumed that public officers faithfully performed their official duties and that absent evidence showing misconduct or disregard of law, the regularity of official acts is presumed. *KLH Retirement Planning v. Okwumuo, supra*. Without evidence to the contrary, we find that the sheriff published notice in accordance with § 25-1529.

However, Ekwen also claims that a copy of the published notice of sale was not sent to him in accordance with § 25-520.01. He asserts that the Bank and the County "had the requisite knowledge of both [his] name *and* his post office address." Brief for appellant at 12 (emphasis in original). He notes that he was named in the complaint and that the Bank and the County "had knowledge of at least two post office addresses for [him]: (1) the P.O. Box at which [they] originally attempted service by Certified Mail; and (2) the mailing address of the real property at issue." *Id*.

In response, the Bank and the County assert that Ekwen's claim that they were required to mail notice of the sale to him "is unfounded, because [his] address was not known to [them]," and that under the circumstances, § 25-520.01 "clearly states that notice by mail is not required." Brief for appellees at 6. The Bank and the County point out that they were originally granted permission to serve the complaint on Ekwen via publication because he could not be served by any other means. And "[a]fter the ineffective attempt at service sent to the P.O. Box address, and subsequent inability to determine [Ekwen's]

- 221 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
OMAHA MUNICIPAL LAND BANK v. EKWEN
Cite as 30 Neb. App. 209

whereabouts, it was clear to [the Bank and the County] that the address of [Ekwen] was not known to them." *Id.* at 10.

Section 25-520.01 required the Bank and the County to mail Ekwen a copy of the published notice of the sale if his address was "known to [them]." "This language has been interpreted to require that notice be sent to the 'last known address' of persons with an interest in the proceeding." *Francisco v. Gonzalez*, 301 Neb. 1045, 1050, 921 N.W.2d 350, 354 (2019). Additionally, the Nebraska Supreme Court has stated that § 25-520.01

> requires the party serving by publication to file an affidavit stating that the party and his or her attorney, "after diligent investigation and inquiry," were unable to ascertain and do not know the address of any parties having an interest who were not mailed a copy of the published notice.

*Francisco v. Gonzalez*, 301 Neb. at 1046, 921 N.W.2d at 351. The Bank and the County did not comply with the requirements of § 25-520.01.

At the July 2020 hearing on the motion to confirm the sale and Ekwen's objection thereto, the Bank and the County stated that Ekwen's last known address was a P.O. Box in Omaha. They stated, "We attempted service [of the complaint] by certified mail on the defendant's last known address, which according to Douglas County Treasury records, property records, was a PO Box [in Omaha], *and still is, on those treasury records*." In order to comply with § 25-520.01, the Bank and the County were required to mail a copy of the published notice of the sheriff's sale to Ekwen's P.O. Box within 5 days after the first publication of notice, as that was his last known address. The Bank and the County were then required to file proof by affidavit of the mailing of such notice within 10 days after mailing such notice.

[8] The district court's finding that the sale had been "conducted in all respects according to law" was in error. We determine that the district court should not have confirmed the sale when the facts showed that the Bank and the County

- 222 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
OMAHA MUNICIPAL LAND BANK v. EKWEN
Cite as 30 Neb. App. 209

did not comply with the requirements of § 25-520.01 to mail a copy of the published notice of the sale to Ekwen at his last known address. Under § 25-1531, a court errs in confirming a mortgage foreclosure sale when the facts show that the mortgagee did not comply with the notification requirements of § 25-520.01. *KLH Retirement Planning v. Okwumuo*, 263 Neb. 760, 642 N.W.2d 801 (2002) (district court abused discretion in confirming judicial sale under decree of foreclosure when facts showed bank did not comply with requirements of § 25-520.01). Accordingly, we reverse the district court's decision to confirm the sale, and we remand the cause to the district court with directions to order another sale of the real property as provided by law.

## CONCLUSION

For the reasons stated above, we affirm the district court's decision not to vacate and set aside its previous order on the motion for service by publication and the decree of foreclosure. However, we reverse the district court's decision to confirm the sale, and we remand the cause to the district court with directions to order another sale of the real property as provided by law.

Affirmed in part, and in part reversed
and remanded with directions.