LYMAN K. EDDY, APPELLEE, V. JAMES KIMERER ET AL.,
APPELLANTS.

FILED MARCH 20, 1901. NO. 9,421.

1. **Taxes Precede All Other Liens.** Taxes upon land, whenever levied, take precedence of all other liens.

2. **Value of Judgment Debtor's Interest Equals Gross Value of Land Minus Prior Liens.** Within the meaning of the appraisement law, the value of a judgment debtor's interest in land about to be sold is the difference between the gross value and the amount of all liens prior to the one for the satisfaction of which the sale is to be made.

3. **Objections to Confirmation: SCOPE OF INQUIRY.** On the hearing of objections to the confirmation of a judicial sale the court will

not inquire whether the person designated in the decree to make the sale is an agent or attorney of the creditor, unless fraud or misconduct in making the appraisement or sale is alleged.

4. **Decree of Foreclosure:** COLLATERAL ATTACK. If a decree of foreclosure is by its terms to be executed by a person disqualified by interest from making the sale, the party complaining should assail the decree directly and not by motion to vacate the sale.

APPEAL from the district court for Lancaster county. Heard below before HOLMES, J. *Affirmed.*

*Wolfenbarger & Williams,* for appellants.

*D. M. Vinsonhaler, contra.*

PER CURIAM.

This is an appeal from an order of the district court for Lancaster county confirming a sale of real estate made in pursuance of a decree of foreclosure. The objection to the appraisement, grounded on the fact that all taxes lawfully charged against the mortgaged premises were deducted from the gross value thereof, is manifestly without merit. Taxes upon land, whenever levied, take precedence of all other liens. The value of appellants' interest in the property sold was, within the meaning of the appraisement law, the difference between its gross value and the amount of the county, city and other taxes charged against it. A right conclusion having been reached by the appraisers, we will not inquire into the character of the evidence upon which they relied. *Sessions v. Irwin,* 8 Nebr., 5; *Stratton v. Reisdorph,* 35 Nebr., 314. The contention that the sale should have been set aside because the special master by whom it was made had acted as attorney for the plaintiff can not be sustained. This objection was, in substance, a collateral attack on the decree, and for that reason properly overruled. *State Nat. Bank v. Scofield,* 9 Nebr., 499; *Beatrice Paper Co. v. Beloit Iron Works,* 46 Nebr., 900; *Hoover v. Hale,* 56 Nebr., 67. The order of confirmation is

AFFIRMED.