AMERICAN LEGION POST 52, APPELLANT, V.
NEBRASKA LIQUOR CONTROL COMMISSION, APPELLEE.
655 N.W.2d 38

Filed January 10, 2003.    No. S-01-1041.

John M. Boehm and Patrick T. O'Brien, of Butler, Galter, O'Brien & Boehm, for appellant.

Don Stenberg, Attorney General, and Hobert B. Rupe for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

The Nebraska Liquor Control Commission (Commission) suspended the liquor license of American Legion Post 52 (Legion) after an administrative hearing. The district court affirmed the Commission's order, and the Legion appeals. We removed the case to this court's docket on our own motion pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## BACKGROUND

In March 2000, Nebraska State Patrol investigators conducted an inspection of the American Legion Club in Kearney. The inspection was conducted due to information received from the Nebraska Department of Revenue and "different individuals" that there was an illegal gambling device on the premises. During the inspection, investigators discovered and seized the following: (1) a wheel similar to a roulette wheel, which the Legion claims was purchased for fundraising and had yet to be used; (2) exhibit 1, what was determined to be an "8-liner" video gambling machine, which machine was unplugged and in an area away from the customers; (3) exhibit 2, a note which stated: "Mar 1 Wednesday VFW raided, machines and cash in safe confiscated; Legion machine in back room"; (4) exhibit 3, football sheets listing the teams and the point spreads for games in December 1998 and December 1999; (5) exhibit 4, sheets of paper which at the top was typed "$3—33-Club" and listed a person's name, a team, and

whether they were "in or out for 1999"; and (6) exhibit 5, which is what appears to be a flyer that has typed on it:

> Attention 33 Club participants[:] The N.F.L. [s]tarts on 9/12/99 if you want to be in this year's 33-club, we are requiring that total dues for the season be paid in full before the season begins. Please let the bartender know if you want "in" or "out" of this year's 33-club.
>
> $5 club= $85
> $3 club=$51
> $5-weekly payout/carryover [w]ill be $150.00
> $3-weekly payout/carryover [w]ill be $90.00

Prior to leaving the premises, the Legion was given an administrative citation for allowing unlawful activity and possessing a gambling device. A report was sent to the county attorney's office, but there was no prosecution or conviction for any criminal charge arising out of this inspection.

On July 5, 2000, a letter was sent by the administrator of the legal division of the Commission to the Legion's attorney, stating: "This is to confirm that, as per your request, the hearing upon the charge of an illegal activity, i.e., gambling, against the above licensee . . . has been continued to August 16 or 17, 2000."

In August 2000, a hearing was held before the Commission in order to determine if the Legion's liquor license should be suspended, canceled, or revoked pursuant to 237 Neb. Admin. Code, ch. 6, § 019.01Q (1999), of the rules and regulations of the Commission. The aforementioned rule provides that if the Commission finds by a preponderance of the evidence that the petitioner committed the offense of gambling or knowingly allowed such offense to be committed by others on the licensed premise it may suspend, cancel, or revoke the petitioner's liquor license. In its order dated September 21, 2000, the Commission found: "[T]he licensee did, on or about March 8, 2000, permit or knowingly allow conduct on or about the licensed premise in violation of 237-LCC6-019.01Q of the Rules and Regulations of the Nebraska Liquor Control Commission, i.e., gambling." The Commission suspended the Legion's liquor license for 10 days.

Pursuant to Neb. Rev. Stat. §§ 84-917 to 84-919 (Reissue 1999) of the Administrative Procedure Act (APA), the Legion appealed the Commission's decision to the district court. The district court

found that (1) there is a nexus between gambling and alcoholic liquor and therefore § 019.01Q is not in excess of the statutory authority granted to the Commission; (2) the Commission may exercise quasi-judicial power when it comes to civil proceedings to suspend, cancel, or revoke a liquor license and therefore is not in violation of the separation of powers with the judiciary; and (3) the exhibits, particularly exhibit 5, establish, by a preponderance of the evidence, that the Legion knowingly permitted others to engage in gambling at the license premises. Accordingly, the district court affirmed the Commission's decision. The Legion timely appealed, and pursuant to our power to regulate the caseloads of Nebraska's appellate courts, we moved the case to our docket.

## ASSIGNMENTS OF ERROR

The Legion assigns, rephrased, that the district court erred in finding that (1) the Commission did not exceed its jurisdiction and statutory authority in promulgating rule and regulation § 019.01Q as it relates to gambling; (2) the Commission's finding that the Legion committed the offense of gambling was authorized and constitutional and did not interfere with the power of the judiciary pursuant to article II, § 1, of the Nebraska Constitution; and (3) there was competent evidence in the record to support the Commission's finding that the Legion permitted or knowingly allowed gambling on its premises on or about March 8, 2000.

## STANDARD OF REVIEW

Appeals from orders or decisions of the Commission are taken in accordance with the APA. Neb. Rev. Stat. § 53-1,116 (Cum. Supp. 2002); *City of Omaha v. Kum & Go*, 263 Neb. 724, 642 N.W.2d 154 (2002). Proceedings for review of a final decision of an administrative agency shall be to the district court, which shall conduct the review without a jury de novo on the record of the agency. *City of Omaha v. Kum & Go, supra.* A judgment or final order rendered by a district court in a judicial review pursuant to the APA may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Id.* When reviewing an order of a district court under the APA for errors appearing on the record, the inquiry is whether the

decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

■ To the extent that the meaning and interpretation of statutes and regulations are involved, questions of law are presented, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Id.*

## ANALYSIS

The Commission's charge against the Legion, pursuant to its "Illegal Activities" regulation, was for "illegal activity, i.e., gambling" on a specific date, March 8, 2000. Therefore, we limit the scope of our inquiry to the charge as framed by the Commission and as set forth in its order of September 21 that the Legion permitted or knowingly allowed gambling on the licensed premises on March 8.

The Commission's "Illegal Activities" regulation, § 019.01Q, states in relevant part:

> Illegal Activities: The Commission finds that certain illegal activities may induce individuals to enter licensed premises and that the Commission has an interest in [e]nsuring that licensees do not use illegal means to promote the sale and consumption of alcohol. The Commission also believes the consumption of alcohol could impair judgment and could lesson inhibitions, causing some consumers to engage in illegal activities or to be victims of illegal activities on or about licensed premises, endangering the health, safety and welfare of individuals. The Commission, therefore, finds there is a nexus between the consumption of alcohol and certain illegal activities that occur within licensed premises or in adjacent related outdoor areas.
>
> Such activities are: drug-related offenses, prostitution or pandering, assaults, sexual assaults, homicide, gambling, vandalism, weapons-related offenses, theft, disturbing the peace, violations of statutes or local ordinances relating to entertainment, acceptance of food stamps for the sale of alcohol or otherwise in violation of federal laws or regulations, and any offense referred to in Section 53-125 (4) or (5), whether or not there has been a plea of guilty or a conviction in criminal court.

If the Commission finds by a preponderance of the evidence that a licensee or employee or agent of a licensee has committed any of the foregoing illegal activities or has knowingly allowed such offense to be committed by others on the licensed premises or adjacent related outdoor areas, the Commission may suspend, cancel or revoke such license.

The Commission suspended the Legion's liquor license for illegal conduct, gambling, pursuant to its "Illegal Activities" regulation. The district court affirmed the suspension. On appeal, in assignment of error No. 3, the Legion asserts there was no competent evidence in the record to support the Commission's finding that the Legion permitted or knowingly allowed gambling on its premises on or about March 8, 2000. We agree.

Our analysis focuses on the date that the alleged gambling took place and its relation to the evidence found. We determine that none of the evidence found at the Legion supports the charge that gambling was permitted on the Legion's premises on or about March 8, 2000. Exhibit 1, the 8-liner video machine, was unplugged and in the back room; exhibit 2, the note, includes the date "Mar 1" but does not give the year it refers to; exhibit 3, the football sheets, were dated 1998 and 1999; exhibit 4, the "$3—33-Club," was for the year 1999; exhibit 5, the flyer, talks of the 1999 football season. This leaves the wheel as the only potential evidence of "gambling" on March 8, 2000. The Legion claimed that the wheel had been purchased for fundraising and had yet to be used. There is no evidence to the contrary. We determine, in short, that there was no competent evidence presented that the Legion knowingly allowed gambling to be committed by others on March 8, 2000, in violation of § 019.01Q. Therefore, we reverse the findings of the district court.

## CONCLUSION

In our review of the district court's decision, we determine that the decision of the district court is not supported by competent evidence. Therefore, we reverse the decision of the district court and remand the cause with directions to enter an order reversing the findings of the Commission and remanding the matter to the Commission with directions to dismiss.

REVERSED AND REMANDED WITH DIRECTIONS.