GERARD T. FORGÉT III, APPELLANT, V. STATE OF NEBRASKA EX REL. STATE BOARD OF PUBLIC ACCOUNTANCY OF THE STATE OF NEBRASKA, APPELLEE.

658 N.W.2d 271

Filed March 14, 2003.   No. S-01-1397.

Gerard T. Forgét III, pro se.

Robert T. Grimit, of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

Gerard T. Forgét III was sanctioned by the Nebraska Board of Public Accountancy (the Board) for holding himself out as a certified public accountant (CPA) without holding an active CPA permit, in violation of the Public Accountancy Act, Neb. Rev. Stat. § 1-105 et seq. (Reissue 1997 & Cum. Supp. 2002). The primary question presented in this appeal is whether an individual who has successfully taken the CPA examination, but has not completed the experience requirement necessary to obtain a CPA permit, may be considered an "inactive" CPA and use the designation "CPA."

## BACKGROUND

Forgét is an Omaha attorney specializing in tax law. Forgét took and passed the Nebraska CPA examination in 1996 and was issued a certificate on December 1, 1997, indicating that he had passed the examination. See § 1-114. Forgét did not, however, submit to the Board any professional experience in order to obtain an active CPA permit. See § 1-136.02.

Forgét was listed in the Board's records, beginning in January 1998, as an inactive CPA. Forgét renewed his inactive registration on March 5 by submitting an application to the Board. One question on the application asked, "Do you hold yourself out as a CPA in the state of Nebraska?" and reminded the applicant that "[y]ou must have an active permit to do so." Forgét indicated that he did not hold himself out as a CPA.

However, on August 27, 1998, the Board issued a cease and desist notice to Forgét, in connection with Forgét's placement of a telephone directory listing for Forgét's business, the "Forgét Firm," under the yellow pages category, "Accountants—Certified Public." On August 28, Forgét replied to the cease and desist notice, apologized to the Board for the "misunderstanding," and indicated his intent not to list the advertisement in future telephone directories. On September 24, Forgét was directed to provide the Board with a copy of a certified letter to be sent to the telephone directory publisher to cancel the listing. On November 23, the Board, not having received such verification, scheduled a "Show Cause hearing." Forgét was notified at the hearing that the Board regarded his conduct as contrary to Nebraska law.

On November 3, 1999, the Board filed a formal complaint against Forgét. The complaint alleged that Forgét had maintained a telephone directory listing under the category "Accountants—Certified Public." The complaint also alleged that Forgét maintained an Internet Web page on which Forgét used the designation "CPA." The complaint charged Forgét with violation of the Public Accountancy Act and several Board regulations.

A formal hearing was held before the Board on December 1, 1999. Forgét testified at the hearing that he practiced tax law as an attorney and represented taxpayers in front of and against the Internal Revenue Service in contested cases, but did not create financial statements, render opinions on financial statements, or otherwise have an accounting practice. Although Forgét had prepared income tax returns for businesses and individuals, Forgét had not conducted compilations, reviews, or audits, and did not intend to do so.

Forgét's business card, entered into evidence at the formal hearing, identified him as "Gerard 'Rod' T. Forgét III, J.D., MBA, LLM, CPA" and "Attorney at Law." The letters "CPA" were marked with an asterisk, and at the bottom of the business card, in smaller type, it was indicated that Forgét was an "inactive member, Nebraska Society of Certified Public Accountants."

The record also contains telephone directory listings for the Forgét Firm, from two different Omaha telephone directories for 1999-2000. One listing was placed in the US West directory,

under the category "Accountants—Certified Public," and indicates a "CPA Certificate NE Board of Accountancy." The letters "CPA" are larger and in bolder typeface than the rest of the words on that line. The second listing, placed in the McLeod USA directory under the category "Accountants," indicates a "CPA Certificate-Nebraska Board Public Accountancy." The letters "CPA" are in bolder typeface than those on the rest of that line. The Forgét Firm was not listed under the category "Accountants—Certified Public" in the McLeod USA directory, although that category was available. Forgét also had listings in both directories under the category for tax attorneys; neither listing contained a reference to a CPA designation of any kind.

Printouts from Forgét's Web page indicate that the Web page in question was a business homepage for the Forgét Firm, and Forgét was identified as an "Attorney at Law and CPA." Forgét testified that once the contents of the Web page were called to his attention by the Board's formal complaint, he directed the individual who designed Forgét's Web page to modify the content to identify Forgét as a "CPA Registrant," and that the change was made on the date Forgét received the formal complaint. Printouts from the Web page, present in the record, reflect this change, and Forgét testified that those printouts reflected the content of his Web page at the time of the formal hearing.

On January 19, 2001, the Board entered a decision and order finding that Forgét had violated the Public Accountancy Act and the Board's rules and regulations. The Board revoked Forgét's CPA certificate, but suspended the judgment of revocation pursuant to the conditions that (1) Forgét not associate his name or that of his firm with the terms " 'certified public accountant' " or " 'CPA' " in any manner or form and (2) Forgét would be permitted to refer to his completion of the CPA examination and/or his membership in professional accountant associations only if that reference contained the following statement: " 'I passed the Uniform Certified Public Accountants examination on May 8, 1996 but I have not met all the requirements for a permit to practice public accountancy and therefore I am not a CPA.' "

Forgét appealed to the district court pursuant to the Administrative Procedure Act, Neb. Rev. Stat. § 84-901 et seq. (Reissue 1999). See § 1-149 (decisions of Board may be appealed

in accordance with Administrative Procedure Act). The court affirmed the decision of the Board. Forgét appeals.

## ASSIGNMENTS OF ERROR

Forgét assigns that the court erred in (1) finding that Forgét was not an inactive CPA, (2) finding that Forgét held himself out to the public as a CPA permit holder, (3) finding that Forgét misled and deceived the public by his representations in his advertising, and (4) applying § 1-117 over § 1-122 by giving priority of a general statutory provision over a special provision when the two conflicted.

Forgét also argues, in his brief, that the Board's order is arbitrary, capricious, and unreasonable and that the Board has violated Forgét's rights under the First Amendment to the U.S. Constitution. However, these are not assigned as error. In order to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *Nelson v. Lusterstone Surfacing Co.*, 258 Neb. 678, 605 N.W.2d 136 (2000). Errors argued but not assigned will not be considered on appeal. *Harris v. Harris*, 261 Neb. 75, 621 N.W.2d 491 (2001).

## STANDARD OF REVIEW

A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *American Legion v. Nebraska Liquor Control Comm., ante* p. 112, 655 N.W.2d 38 (2003). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

To the extent that the meaning and interpretation of statutes and regulations are involved, questions of law are presented, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Id.* In an appeal under the Administrative Procedure Act, an appellate court will not substitute its factual findings for those of the district court

where competent evidence supports the district court's findings. *Kosmicki v. State*, 264 Neb. 887, 652 N.W.2d 883 (2002).

## ANALYSIS

Forgét's first assignment of error is that the court erred in finding that Forgét was not an inactive CPA. We begin our analysis of this assignment of error with a general examination of the process of CPA licensing set forth by the Public Accountancy Act. Prior to January 1, 1998, the Board could issue

> a certificate of certified public accountant to any person (a) who is a resident of this state or has a place of business therein or, as an employee, is regularly employed therein, (b) who has graduated from a college or university of recognized standing, and (c) who has passed a written examination in accounting, auditing, and such other related subjects as the board determines to be appropriate.

§ 1-114(1). It is not disputed that Forgét met the above qualifications. However, issuance of a certificate is not the same as issuance of a permit to engage in the practice of public accountancy. The Board issues a permit to engage in the practice of public accountancy to a certificate holder only when the certificate holder meets certain experience requirements. See § 1-136(1). Acceptable experience includes, for instance, 2 years of employment by anyone engaging in the practice of public accountancy or experience gained through employment by government agencies. See § 1-136.02. The methods of meeting the statutory experience requirement need not be examined in detail, as it is undisputed that Forgét has not met the experience requirement.

The Public Accountancy Act explicitly provides that "[a]ny person who has successfully completed the examination described in section 1-114 shall have no status as a certified public accountant *unless and until he or she has the requisite experience* and also has been issued a certificate as a certified public accountant." (Emphasis supplied.) § 1-117. However, § 1-136(4) also provides:

> Any certificate holder or registrant who has not lost his or her right to issuance or renewal of a permit and who is not actively engaged in the practice of public accountancy in this state may file a written application with the board to be

classified as inactive. A person so classified shall not be issued a permit or be deemed the holder of a permit but shall be carried upon an inactive roll to be maintained by the board upon the payment of an inactive fee . . . . A person so classified shall not be deprived of the right to the issuance or renewal of a permit and may, upon application to the board and upon payment of the current permit fee, be issued a current permit.

Any person who is classified as inactive under § 1-136 "shall be styled and known as a certified public accountant and may also use the abbreviation C.P.A." § 1-122. See, also, § 1-151(1). Forgét argues that he was an inactive CPA pursuant to § 1-136(4) and, thus, entitled to use the abbreviation "C.P.A." by § 1-122.

■ However, Forgét's argument is inconsistent with the language and intent of the Public Accountancy Act. When considering a series or collection of statutes pertaining to a certain subject matter which are in pari materia, they may be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions of the act are consistent and sensible. *Foote v. O'Neill Packing,* 262 Neb. 467, 632 N.W.2d 313 (2001). The intent of the Legislature, expressed throughout the Public Accountancy Act, is that a person must have satisfactory experience in order to practice public accountancy in Nebraska. It is similarly evident that the Legislature intended to limit the use of the terms "certified public accountant" and "C.P.A." to persons who have met all the requirements imposed by the Public Accountancy Act, including the experience requirement. See §§ 1-151 and 1-166 (unauthorized use of terms is Class II misdemeanor).

Considered in pari materia, it is apparent that a certificate holder "who has not lost his or her right to issuance . . . of a permit," within the meaning of § 1-136(4), is a person who has the present right to issuance of a permit, if a permit is requested. This is evidenced by the fact that § 1-136(4) permits an inactive CPA to be issued a current permit upon application to the Board and payment of the current permit fee. This is only sensible if the inactive classification is limited to those who have met the requirements of the Public Accountancy Act for the issuance of an active permit, including the required experience.

Furthermore, § 1-136(3) provides that if a certificate holder fails to apply for a permit within 3 years of the expiration of his or her last permit, or 3 years from the date the certificate was issued, the certificate holder may be deprived of the right to issuance or renewal of a permit. The evident purpose of § 1-136(4) is to permit certificate holders to maintain their right to issuance of a permit by applying for inactive classification and paying reduced fees. Thus, the language of § 1-136(4) is best read as a reference to the provisions of § 1-136(3)—one who "has not lost his or her right to issuance or renewal of a permit" within the meaning of § 1-136(4) is one who has the right to issuance or renewal of a permit, i.e., has met the requirements for issuance of a permit, and has not been deprived of that right by operation of § 1-136(3). Forgét is not such a person; having never satisfied the experience requirement of § 1-136.02, Forgét has never had the right to issuance of a permit in the first place.

This reading of the Public Accountancy Act is also compelled by §§ 1-117 and 1-122, which would otherwise be in conflict. Appellate courts must, as far as practicable, give effect to the language of a statute and reconcile the different provisions of it so they are consistent, harmonious, and sensible. *In re Interest of Jeremy T.*, 257 Neb. 736, 600 N.W.2d 747 (1999). Pursuant to § 1-117, a person who has completed the CPA examination nonetheless shall "have no status" as a CPA unless he or she has *both* (1) been issued a certificate and (2) has the requisite experience. Yet, Forgét's reading of the statutes would permit such a person, with "no status as a certified public accountant," to be an inactive CPA and, pursuant to § 1-122(1), be "known as a certified public accountant and . . . use the abbreviation C.P.A." This conflict is resolved, however, if the inactive classification created under § 1-136(4) is limited to those who have met all the requirements for issuance of an active permit, because such persons have successfully completed the CPA examination, been issued a CPA certificate, and have the requisite experience and, thus, may both have the "status" of certified public accountants pursuant to § 1-117 and "be known as" certified public accountants pursuant to § 1-122(2).

For the foregoing reasons, we hold that a "certificate holder or registrant who has not lost his or her right to issuance or

renewal of a permit," who may be classified as inactive pursuant to § 1-136(4), is a person who is otherwise entitled to issuance of a permit under the requirements set forth in § 1-136(1) and the remainder of the Public Accountancy Act. In this case, it is not disputed that Forgét has not met those requirements. Therefore, the court did not err in determining that Forgét was not an "inactive" CPA within the meaning of § 1-136(4). The foregoing analysis is dispositive of Forgét's first and fourth assignments of error.

Forgét's remaining assignments of error are directed generally at the court's factual determination that Forgét violated the requirements of the Public Accountancy Act and Board regulations by holding himself out to be a CPA. Section § 1-151(1) provides, in relevant part:

> No person shall assume or use the title or designation certified public accountant or the abbreviation C.P.A. or any other title, designation, words, letters, abbreviation, sign, card, or device tending to indicate that such person is a certified public accountant unless such person (a) is classified as inactive under section 1-136 or (b) has been issued a certificate as a certified public accountant under sections 1-114 to 1-124 and holds a permit issued under subsection (1)(a) of section 1-136 which is not revoked or suspended . . . .

The Board regulations provide in part:

> "Holding out to the public as a permit holder" As that term is used in these rules and in the definition of the practice of public accountancy, it means any representation that a person holds a permit to practice in connection with an offer to perform or the performance of services to the public. Any such representation is presumed to invite the public to rely upon the professional skills implied by the permit in connection with services offered to be performed. For purposes of this definition and these rules, a representation shall be deemed to include any oral or written communication conveying that a licensee holds a permit, including the use of titles or legends displayed in letterheads, business cards, office doors, advertisements, and listings.

288 Neb. Admin. Code, ch. 3, § 001.09 (1999).

> "Practice of public accountancy" shall mean the performance or offering to perform by a person holding himself out

to the public as a permit holder, for a client or potential client, of one or more kinds of services involving:

. . . .

001.17B one or more kinds of management advisory or consulting services, or the preparation of tax returns or the furnishing of advice on tax matters.

288 Neb. Admin. Code, ch. 3, § 001.17 (1999).

The record in this case, summarized above, clearly demonstrates the existence of competent evidence to support the court's findings. On two separate occasions—one occurring after the issuance of a cease and desist notice—Forgét listed the Forgét Firm in the telephone directory under the category "Accountants—Certified Public." A reasonable member of the public would be likely to conclude that a person listed under that category would, in fact, be a CPA, which Forgét was not. Furthermore, Forgét's Web page, prior to the filing of a complaint against him by the Board, identified him as a CPA, without conditions. Other representations made by Forgét included various qualifications such as "certificate" and "Registrant," neither of which was likely to convey to the public that Forgét was, in actuality, not permitted to practice public accountancy.

Nor does Forgét's purported "inactive" classification preclude a finding that Forgét violated the relevant statutes and regulations. "Whenever using 'Certified Public Accountant' or 'CPA' with his or her name, an inactive registrant shall use the disclaimer 'Inactive Registrant' in parentheses immediately after the title or abbreviation." 288 Neb. Admin. Code, ch. 7, § 003.01 (1999). Even assuming that Forgét acted in reliance on the Board's registration of his "inactive" status and that the Board was somehow estopped from denying such status—an argument that Forgét does not raise—Forgét still failed, on *any* of the instances reflected in the record, to comply with the plain and unambiguous requirement of chapter 7, § 003.01, of the Board's regulations. Even if Forgét had actually been an inactive CPA within the meaning of § 1-136(4)—an argument we reject above—he would still not have been in compliance with § 003.01.

The obvious and reasonable purpose expressed in the Public Accountancy Act, and the Board's associated regulations, is to protect the public by ensuring that the public is able to distinguish

among those who are permitted to practice public accountancy and those who are not. Forgét's actions, reflected in the record, contravened this purpose. The district court did not err in its factual findings regarding Forgét's violation of the relevant statutes and regulations. Forgét's assignments of error to the contrary are without merit.

## CONCLUSION

Forgét was not an "inactive" CPA within the meaning of § 1-136, and his conduct violated the Public Accountancy Act and the regulations of the Board concerning the unlawful use of the designation "CPA." The district court's order affirming the decision of the Board is affirmed.

AFFIRMED.