JON S. MCKENZIE ET AL., APPELLANTS, V. CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLEE.
708 N.W.2d 286

Filed January 10, 2006. No. A-04-1134.

John P. Fahey, of John P. Fahey Law Office, P.C., for appellants.

Michelle Peters, Assistant Omaha City Attorney, for appellee.

INBODY, Chief Judge, and CARLSON and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

The appellants (Firefighters) in this case are a group of Omaha firefighters who contend that a contract for services between the Millard Suburban Fire Protection District (Millard) and the Omaha Fire Department triggered Omaha Mun. Code (OMC), ch. 23, art. III, § 23-148 (1980), so as to entitle them to a pay increase. The district court for Douglas County granted the motion of the City of Omaha (City) for summary judgment. Because we conclude that the Firefighters were not "senior in rank, grade or class" to the former Millard personnel under the plain language of OMC § 23-148, we affirm.

## BACKGROUND

In November 1997, the City contracted to provide fire protection services to Millard beginning January 1, 1998. As a result,

sworn Millard personnel became employees of the City's fire department as of 11:59:59 p.m. on December 31, 1997. According to the contract,

> (b) all such sworn personnel shall be classified as "Firefighters" in the City's standard classification, and paid at the City's pay step which gives full effect and is based on all years of service with [Millard's] Fire Department, but in no event shall such step placement be greater than [the City's highest pay step for the classification of firefighter], (c) all benefits and seniority shall be th[ose] of a new City Fire Department sworn employees [sic] as of the date when employment with the City starts. Certain of those benefits are set forth by the parties [in a statement of conditions and understandings] in order to avoid confusion and lend clarity to this Agreement . . . .

The statement of conditions and understandings addresses the treatment of former Millard firefighters regarding sick leave, "trade time," "call back," health and dental insurance, staffing, personal leave days, probationary status, and employee evaluations. In particular, the sections on trade time and employee evaluations take years of employment at Millard into account. The statement concludes, "In all other respects such [Millard] employees shall be considered regular sworn employees of the City Fire Department as provided for and subject to the [collective bargaining agreement between the City and an Omaha labor union] and all other City rules and regulations."

The Omaha City Council approved the contract by ordinance No. 34398, as required by the Omaha City Charter, art. V, § 5.17 (1996), which provides in part, "All contracts involving the payment of money from appropriations of more than one fiscal year of the City Government shall be approved by Ordinance."

On July 10, 2001, the Firefighters filed a petition against the City in the district court, seeking to collect backpay. The petition alleged that at the time of the contract, some of the former Millard firefighters who were placed in the City's system were classified as firefighters at the top step of the pay scale. The Firefighters, however, had not yet completed sufficient length of service with the City to reach the top firefighter pay step and remained at lower pay steps. The Firefighters claimed that they

were entitled to pay increases by OMC § 23-148, which states, in pertinent part:

> When a uniformed member of the fire or police department is paid at a rate which exceeds that at which such member's senior in rank, grade or class is being paid, such senior officer or officers shall be increased to the next higher step within the assigned pay range irrespective of the date of last increase. . . . This provision shall not apply when a member has been reduced in pay, grade or class for disciplinary reasons or when he has not been granted a pay increase due to unsatisfactory performance; neither shall it apply when such condition is the result of use of the two-step salary increase provision.

In their prayer, the Firefighters requested backpay and related relief.

The case first came before this court on the Firefighters' interlocutory appeal after the district court sustained the City's motion to disqualify one of the Firefighters' counsel. On September 2, 2003, we reversed and vacated the order and remanded the matter to the district court for further proceedings. See *McKenzie v. City of Omaha*, 12 Neb. App. 109, 668 N.W.2d 264 (2003).

Both sides filed motions for summary judgment. The parties agreed that no genuine issue of material fact existed, and each side contended that it was entitled to judgment as a matter of law in its favor. The district court conducted a hearing on the motions and received exhibits. We have summarized most of the evidence above and will summarize additional relevant evidence in the analysis portion of this opinion. On September 9, 2004, the district court entered an order sustaining the City's motion and overruling the Firefighters' motion. The Firefighters now appeal.

## ASSIGNMENTS OF ERROR

The Firefighters allege that the district court erred in (1) sustaining the City's motion for summary judgment, denying the Firefighters' motion for summary judgment, and dismissing the Firefighters' petition for declaratory and monetary relief; (2) ruling that OMC § 23-148 should be read in pari materia with the merger agreement, which was passed as an ordinance as required

by the Omaha City Charter; and (3) ruling that OMC § 23-148 was construed to mean that certain new Millard firefighters were " 'senior officers' " to the Firefighters, who were members of the City's fire department prior to the merger.

## STANDARD OF REVIEW

■ Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Dworak v. Farmers Ins. Exch.*, 269 Neb. 386, 693 N.W.2d 522 (2005).

■ Statutory interpretation presents a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Destiny 98 TD v. Miodowski*, 269 Neb. 427, 693 N.W.2d 278 (2005).

## ANALYSIS

*General Principles of Interpreting Ordinances.*

The Firefighters argue that OMC § 23-148 does not contain any ambiguity calling for construction of its plain language. While we agree that OMC § 23-148 is not ambiguous, we reject the Firefighters' interpretation of its language. We begin by summarizing the principles governing the interpretation of OMC § 23-148.

■ In analyzing the OMC, a legislative enactment, we follow the same rules as those of statutory analysis. *Nelson v. City of Omaha*, 256 Neb. 303, 589 N.W.2d 522 (1999). In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. *24th & Dodge Ltd. Part. v. Acceptance Ins. Co.*, 269 Neb. 31, 690 N.W.2d 769 (2005). An appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Id.* If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning. *Mogensen v. Board of Supervisors*, 268 Neb. 26, 679 N.W.2d 413 (2004). A statute is open for construction when the language used requires interpretation or may reasonably be considered ambiguous. *Soto v. State*, 269 Neb. 337, 693 N.W.2d 491

(2005), *modified on other grounds* 270 Neb. 40, 699 N.W.2d 819. A statute is ambiguous when the language used cannot be adequately understood either from the plain meaning of the statute or when considered in pari materia with any related statutes. *Unisys Corp. v. Nebraska Life & Health Ins. Guar. Assn.*, 267 Neb. 158, 673 N.W.2d 15 (2004). We therefore address whether it is proper to consider OMC § 23-148 and ordinance No. 34398 in pari materia.

*Considering Contract Ordinance In Pari Materia.*
 The Firefighters classify OMC § 23-148 as an administrative ordinance and ordinance No. 34398 as a contract ordinance and argue that the two cannot be construed in pari materia. Administrative ordinances deal with the organization and activities of the municipality itself; they provide the machinery for performing the functions of municipal government. See 1 Thomas A. Matthews et al., Municipal Ordinances § 5.02 (2d ed. 1998). Contract ordinances are "[o]rdinances providing for contracts or authorizing an agreement between the municipality and another party . . . ." *Id.*, § 5.03 at 64.

> [A]n ordinance . . . has the force of law over the community in which it is adopted.
>
> . . . A municipality is not allowed to violate its own ordinance. . . .
>
> . . . .
>
> Where applicable, an ordinance enters into and forms a part of a contract by operation of law. . . . A contract authorized by and entered into under an ordinance is not given by the ordinance the force of law.

5 Eugene McQuillin et al., The Law of Municipal Corporations § 15:12 at 126-32 (3d ed. 2004). Even though OMC § 23-148 and ordinance No. 34398 may fall into the categories proposed by the Firefighters, the authorities cited by the Firefighters do not support the Firefighters' contention that such classification precludes considering the ordinances in pari materia. Both ordinances reflect the Omaha City Council's intent, and we assume that ordinance No. 34398 did not violate OMC § 23-148, but, rather, was consistent with it.
 The Firefighters also assert that ordinance No. 34398 is nothing more than a resolution and was not meant to be read

in pari materia with an ordinance. Ordinances and resolutions are distinguishable:

> The term *ordinance* is generally used to designate a local law of a municipal corporation, duly enacted by the proper authorities, prescribing general, uniform, and permanent rules of conduct, relating to the corporate affairs of the municipality. 5 Eugene McQuillin, The Law of Municipal Corporations § 15.01 (3d ed. 1996). A resolution is generally not the equivalent of an ordinance, but is rather an act of a temporary character; is ordinarily sufficient for council action on ministerial, administrative, or executive matters; and does not rise to the dignity of an ordinance. Charles S. Rhyne, The Law of Local Government Operations § 8.1 (1980 & Supp. 1985). . . . "[T]he crucial test for determining that which is legislative [ordinance] from that which is administrative or executive [resolution] is whether the action taken was one making a law, or executing or administering a law already in existence." *Kelley v. John*, 162 Neb. 319, 321, 75 N.W.2d 713, 715 (1956).

*Kubicek v. City of Lincoln*, 265 Neb. 521, 529-30, 658 N.W.2d 291, 298 (2003). See, also, *Smith v. City of Papillion*, 270 Neb. 607, 705 N.W.2d 584 (2005) (distinguishing ordinance and resolution). A municipality cannot do by resolution what its charter mandates must be done by ordinance. See 5 McQuillin, *supra*, § 15:2. Whether an action is an ordinance or a resolution depends not on the name given to it but on the substance of the action. See *id.*

The Omaha City Charter requires contracts like the one in this case to be approved by ordinance. Such was done with the agreement between the City and Millard, which agreement was approved as part of ordinance No. 34398 after discussion by the Omaha City Council. However, it appears that the substance of ordinance No. 34398 fits the definition of a resolution. Regardless of whether ordinance No. 34398 is a resolution, we find no authority which would forestall us from considering an ordinance conjunctively with a resolution for the purpose of interpreting the ordinance. We consider OMC § 23-148 and ordinance No. 34398 in pari materia and proceed to interpret OMC § 23-148 accordingly.

*Interpretation of OMC § 23-148.*

OMC § 23-148 provides, "When a uniformed member of the fire or police department is paid at a rate which exceeds that at which such member's senior in rank, grade or class is being paid, such senior officer or officers shall be increased to the next higher step within the assigned pay range . . . ." The Firefighters contend that OMC § 23-148 clearly pertains only to police or firefighters employed by the City and that police or firefighters from other municipalities cannot "bring their seniority with them." Brief for appellants at 15. However, the Firefighters implicitly read the key phrase as the equivalent of "such member's senior in length of service within the same rank, grade or class." In our opinion, this reading errs in two critical and interrelated respects.

First, the Firefighters equate the words "such member's senior" with someone who has greater seniority in length of service. Second, the Firefighters treat the phrase as comparing individuals of the same rank, grade, or class. We consider both of these readings to be inconsistent with the plain meaning of OMC § 23-148. Correctly interpreted, "such member's senior in rank, grade or class" refers to an officer who has a greater or higher rank, grade, or class than the "uniformed member" being compared. See *id.*

This interpretation naturally flows from the paramilitary nature of police and fire organizations. By its terms, OMC § 23-148 applies to the City's police department as well as its fire department. The purpose can be readily understood and easily demonstrated in the more familiar ranks of a typical police department. The ordinance simply contemplates the possibility that for some unspecified reason, a lower ranking officer such as a sergeant might be paid more than a higher ranking officer such as a lieutenant. In that situation, OMC § 23-148 operates to resolve the disparity between rank and pay by in - creasing the pay of the higher ranking officer. That purpose is completely absent in the instant case. The legislative history for OMC § 23-148—which consists of a very brief letter from an assistant city attorney to the Omaha City Council—paraphrases the language of the ordinance and does not affect our interpretation of the ordinance's plain language.

The evidence before us demonstrates that all of the Millard personnel absorbed by the City and all of the Firefighters are of the same "rank," namely the rank of "firefighter," which is the lowest rank within the bargaining unit of the City's fire department. Although at the time of the contract, the Millard personnel held various ranks at Millard, the contract placed all of the former Millard personnel at the rank of "firefighter" in the City's fire department. None of the Millard personnel were granted a higher rank within the City's hierarchy of firefighting personnel. By deduction, none of the Millard personnel were granted any greater or higher rank than any of the Firefighters. Length of service is simply irrelevant in this comparison.

Similarly, the City's salary schedule for the "fire bargaining unit" is entitled "Classifications - Fire Bargaining Unit" and lists various ranks, such as "Firefighter," "Firefighter/Paramed.," "Fire Apparatus Engineer," and "Fire Captain," under the heading "Class Title." Hence, the term "class," as used in OMC § 23-148, is synonymous with "rank" and likewise does not depend on length of service. For the same reason explained above, the Firefighters and the absorbed Millard personnel were placed in the same classification or "class" within the meaning of OMC § 23-148.

We find no exhibit illustrating the meaning of "grade." However, considering that rank and class have the same meaning and that those two terms are joined with "grade" by the word "or," we deduce that the three terms express an " 'alternative of terms, definitions, or explanations of the same thing in different words.' " See *Phillips v. State*, 154 Neb. 790, 804, 49 N.W.2d 698, 707 (1951) (quoting *Smith v. R. F. Brodegaard & Co.*, 77 Ga. App. 661, 49 S.E.2d 500 (1948)). See, also, *State v. Ramsey*, 311 S.C. 555, 430 S.E.2d 411 (1993) ("or" may be employed as coordinate conjunction introducing synonymous word or phrase, or it may join different terms expressing same idea or thing). Therefore, like "rank" and "class," "grade," as used in OMC § 23-148, does not depend on length of service. Therefore, we conclude that the district court did not err in sustaining the City's motion for summary judgment and overruling the Firefighters' motion.

Although our analysis does not require us to consider OMC § 23-148 in pari materia with ordinance No. 34398, we undertake that comparison for the sake of completeness. Both OMC § 23-148 and, by reference, ordinance No. 34398 address rank, grade, or class and compensation. Therefore, we may consider them conjunctively and construe them in pari materia in determining the meaning of "senior in rank, grade or class." See, OMC § 23-148; *Forgét v. State*, 265 Neb. 488, 658 N.W.2d 271 (2003) (when considering series or collection of statutes pertaining to certain subject matter which are in pari materia, they may be conjunctively considered and construed to determine intent of Legislature, so that different provisions of act are consistent and sensible).

Ordinance No. 34398 approved the services agreement between the City and Millard and incorporated the language of the agreement by reference. The agreement states, in part:

> [Former Millard firefighters] shall be classified as "Firefighters" in the City's standard classification, and paid at the City's pay step which gives full effect and is based on all years of service with [Millard's] Fire Department, but in no event shall such step placement be greater than [the City's highest pay step for the classification of firefighter].

This language, incorporated as part of the ordinance, is consistent with our interpretation of the language in OMC § 23-148. As noted above, because the Millard personnel entered the employ of the City as "firefighters," they entered the City's employment at the same "rank, grade or class" as that of the Firefighters. See *id.*

We recognize that our reasoning differs in some respects from that of the district court. Where the record demonstrates that the decision of the trial court is ultimately correct, although such correctness is based on a ground or reason different from that assigned by the trial court, an appellate court will affirm. *Tyson Fresh Meats v. State*, 270 Neb. 535, 704 N.W.2d 788 (2005).

## CONCLUSION

We conclude that under the plain language of OMC § 23-148, the Firefighters were not "senior in rank, grade or class" to the

former Millard personnel. Therefore, we conclude that the district court did not err in sustaining the City's motion for summary judgment and overruling the Firefighters' motion, and we affirm.

AFFIRMED.